The STATE of Ohio, Appellee,

v.

McWILLIAMS, Appellant.

[Cite as *State v. McWilliams* (1998), 126 Ohio App.3d 398.]

Court of Appeals of Ohio,
Second District, Champaign County.

No. 97–CA–17.

Decided Feb. 20, 1998.

*Nick A. Selvaggio,* Champaign County Prosecuting Attorney, and *Mark A. Losey,* Assistant Prosecuting Attorney, for appellee.

*Ernest McWilliams, pro se.*

---

BROGAN, Judge.

Defendant-appellant, Ernest McWilliams, appeals from a judgment rendered in the Champaign County Court of Common Pleas convicting and sentencing him for conveying contraband into a prison, in violation of R.C. 2921.36, and for failure to appear, in violation R.C. 2937.29 and 2937.99. McWilliams was arrested on an Ohio warrant in Florida and, while in custody in Florida, was charged with violating his parole in that state. He served his sentence in Florida before being transported to Ohio for trial. He contends, on appeal, that the trial court should have given him credit for the time he served in the Florida prison while awaiting trial in Ohio. Because, under R.C. 2967.191, a criminal does not receive credit for time served in connection with offenses other than the one for which he is sentenced, we find no error in the trial court's calculation of McWilliams's sentence. Accordingly, the judgment is affirmed.

I

On May 25, 1995, Ernest McWilliams was indicted by the Champaign County Grand Jury on one count of conveying cocaine onto the Champaign County Jail premises in violation of R.C. 2921.36 and one count of possessing cocaine in violation of R.C. 2925.11. On June 9, he was arraigned, and the court released him upon his own recognizance. Shortly before the scheduled trial date, defense counsel informed the court that he had been unable to contact his client after repeated attempts. The court ordered a hearing set on September 11, for which McWilliams failed to appear. On September 12, the court vacated the scheduled trial dates and issued a capias warrant for McWilliams's arrest.

On February 26, 1996, police in Collier County, Florida, arrested McWilliams after learning of the warrant issued against him in Champaign County. Five days later, while imprisoned in Florida, on March 2, McWilliams was charged with violating the conditions of his Florida parole. He served his sentence in Florida until February 2, 1997.

While McWilliams was serving his sentence in Florida, prosecutors from Ohio filed a detainer to ensure that he stood trial in Ohio. On July 25, the Champaign County Grand Jury indicted McWilliams on the offense of failing to appear while on recognizance bond in violation of R.C. 2937.29 and 2937.99. McWilliams waived extradition and sought to resolve the charges against him through the

Interstate Agreement on Detainers, codified under Ohio law as R.C. 2963.30. Nevertheless, McWilliams was not convicted and sentenced until after he served his full Florida sentence. On February 7, 1997, he pleaded guilty to the charge of conveying contraband onto prison premises and to the charge of failing to appear.

On February 13, the trial court sentenced McWilliams to two years of total confinement, crediting him with fourteen days of time served in accordance with R.C. 2967.191. The court credited him with two days that he served before his release in August 1995 and twelve days that he served between his release from jail in Florida and his sentencing in Ohio. On March 18, McWilliams moved the court to credit him with additional time served during his confinement in Florida. The court credited him with five more days—the period from February 27, 1996 to March 2, 1996—reflecting the time between his arrest in Florida on the Champaign County warrant and the filing of the Florida parole charges. The court found that, after March 2, 1996, McWilliams was held on Florida charges.

On May 7, 1997, McWilliams again moved the court to credit him with more time served. The court denied this motion on the basis that its previous entry was accurate. On July 31, 1997, this court permitted McWilliams to file a delayed appeal from his conviction and sentence.

## II

McWilliams contends, with his sole assignment of error, that the trial court erred in denying his motion to credit him with more of the time served in the Florida prison. McWilliams argues that Ohio placed a detainer on him on August 6, 1996, and that, therefore, he should receive credit for all the time he served in Florida subsequent to that date. We note, as a side matter, that the record indicates that the detainer upon which McWilliams bases his argument was the latter of two filed in Florida concerning McWilliams. A motion filed by McWilliams himself on July 18, 1996 makes reference to the earlier detainer filed against him. The August 6, 1996 detainer was a second request filed after his indictment for failure to appear.

Regardless of when the original detainer was filed against appellant, we do not find that appellant should be credited with any more time against his sentence than the trial court calculated. A detainer is an informal process; it is merely " 'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking * * * either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.' " *Reed v. Farley* (1994), 512 U.S. 339, 342, 114 S.Ct. 2291, 2294, 129 L.Ed.2d 277, 284, fn. 1 (quoting *Carchman v. Nash* [1985], 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87

L.Ed.2d 516, 520). The mere fact that Ohio filed a detainer with the Florida prison authorities does not mean that McWilliams began serving his Ohio sentence concurrently with his Florida sentence.

Furthermore, the trial court found that McWilliams's entire term of confinement after March 2, 1996 was served as a penalty for the crime that he committed in Florida. McWilliams does not dispute the court's factual finding. Indeed, appellant's own motions to the court demonstrate that the finding was correct. By its express terms, R.C. 2967.191 applies only to time spent in confinement "arising out of the offense for which the prisoner was convicted and sentenced." It is axiomatic that a prisoner is "not entitled to credit for time served in another jurisdiction for another offense." *State ex rel. Croake v. Trumbull Cty. Sheriff* (1990), 68 Ohio App.3d 245, 247, 587 N.E.2d 978, 979; see, also, *State ex rel. Moss v. Subora* (1987), 29 Ohio St.3d 66, 29 OBR 447, 505 N.E.2d 965; *State v. Dawn* (1975), 45 Ohio App.2d 43, 44, 74 O.O.2d 77, 340 N.E.2d 421. If the trial court had credited any more of the time McWilliams served in Florida against his sentence, McWilliams would have received double credit for two separate offenses. The law does not compel, nor could it countenance, such an absurd result. Appellant's assignment of error is over-ruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

WOLFF and FAIN, JJ., concur.