OPINION
Bryan P. Brewer, the Defendant-Appellant in this case, appeals the Clark County Common Pleas Court's decision not to credit him for time served outside the State of Ohio in an Arizona jail.
On June 22, 1998, a Clark County grand jury indicted Brewer on five counts of gross sexual imposition. A warrant was issued for Brewer's arrest that same day. The Appellant was arrested in Maricopa County, Arizona on April 2, 1999 after being picked up on warrant from the State of Ohio. Brewer remained incarcerated in the Maricopa County jail for seven (7) days awaiting extradition. On April 9, 1999, Brewer was transported from Maricopa County, Arizona to Clark County, Ohio and four (4) days later, on April 13, he arrived at the Clark County Jail. On August 11, 1999, Judge Gerald Lorig of the Clark County Common Pleas Court sentenced Brewer on three counts of gross sexual imposition. In his judgment entry of conviction and warrant for removal, Judge Lorig did not give the Appellant credit for the jail time he served outside the State of Ohio, a total of eleven (11) days. On September 3, 1999, Brewer filed a pro se motion requesting credit for the time he was confined in Arizona and traveled to Clark County. Judge Lorig overruled the Appellant's motion on September 23, 1999.
In his only assignment of error, Brewer appeals Judge Lorig's decision and asks that he be given jail time credit for the eleven (11) days he served outside the State of Ohio.
A defendant is given credit for confinement in awaiting trial and commitment pursuant to R.C. § 2967.19.1. The statute provides, in pertinent part:
 The department of rehabilitation and correction shall reduce the prison term of a prisoner *** by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.
In a case factually similar to the present one, we decided that a defendant should have been granted credit for the time he was confined in a Montana jail awaiting extradition to the State of Ohio. State v. Walker (May 1, 1998), Montgomery App. No. 16599, unreported. Alton Walker, the defendant, was convicted of aggravated murder in Ohio while he was still serving a prison sentence in Montana. Id. at 1. Once Walker was paroled by Montana prison officials, he remained in a Montana jail for the next three years awaiting extradition to Ohio. Id. at 2. We decided that Walker was entitled to jail time credit for the three years he remained confined in Montana after he was paroled. Id
at 5. "But for the Ohio detainer lodged against" him, Walker would have been released on parole by Montana prison officials.Id. Therefore, Walker's continued confinement in a Montana prison arose solely out of the aggravated murder offense for which he was convicted and sentenced in Ohio. Id.
Other Ohio courts agree with Walker that when a defendant is confined prior to conviction and sentencing and that confinement can be attributed to the offense for which he is later convicted and sentenced, the defendant is entitled to jail time credit for the confinement. See, also, State v. McWilliams (1998), 126 Ohio App.3d 398; State v. Smith (1992), 71 Ohio App.3d 302; State ex.rel. Larkins v. Ohio Adult Parole Authority (Feb. 8, 1991), Franklin App. No. 89AP-1348, unreported.
In the instant case, but for the warrant issued for his arrest in Ohio on five counts of gross sexual imposition, Bryan Brewer would have never been incarcerated in an Arizona jail and transported to Clark County, Ohio. The reason Brewer spent eleven (11) days confined in Maricopa County Jail and traveling to Clark County arose solely out of the gross sexual imposition offenses for which he was later convicted and sentenced in Ohio. Therefore, Appellant's sentence for conviction of three counts of gross sexual imposition should be reduced by eleven (11) days.
Accordingly, the judgment of the trial court is Reversed and Remanded to the trial court so that the court may properly amend the sentencing entry in accord with R.C. 2949.12 to specify that the defendant was confined for eleven (11) days prior to his conviction.
GRADY, P.J., and YOUNG, J., concur.