On this appeal from an order of Judge Anthony O. Calabrese, I respectfully dissent because the majority opinion sidesteps the jurisdiction issue presented and agrees with the State's contention that Jordan, pro se, submitted insufficient proof that he was jailed in Nevada only for the Ohio warrant and charges. The State never disputed that Jordan would be entitled to credit for time served in Nevada if he was incarcerated solely because of the Ohio charges, and not for any other offense committed independently in Nevada, see State v. McWilliams (1998), 126 Ohio App.3d 398, 400,710 N.E.2d 729, 730, and never disputed that he was jailed in Nevada only for the Ohio warrant, as he claims.
I agree that the record is unclear on whether Jordan was jailed in Nevada only on the Ohio charges or if part or all of the eighty-five days for which he claims credit were for some other offense. However, the trial judge did not hear evidence on this issue, and determined instead that [t]his court lacks jurisdiction to grant jail time credit incurred in other jurisdictions. As shown supra, this is not the law. The judge was obligated to grant jail time credit for time served in any jurisdiction, so long as the time was served solely for the Ohio offenses. When the judge determined he lacked jurisdiction on the issue, Jordan was denied the opportunity to present evidence of the reasons for his incarceration in Nevada.
Jordan contended that he was arrested and jailed on an Ohio warrant, in Nevada, on July 16, 1997, and was immediately confronted with extradition papers. He waived extradition proceedings (Nev.Rev.Stat. 179.229, comparable to R.C. 2963.24)[1] by July 19, 1997, and was advised by Nevada authorities that Ohio authorities would be notified. The record indicates that Jordan was held in Nevada until September 29, 1997, then transported to Ohio, where he arrived on October 7, 1997. The timing of Jordan's arrest and transfer to the Cuyahoga County jail is consistent with the statutory holding period for individuals arrested and held for extradition purposes only. See Nev.Rev.Stat. 179.207, 179.211, comparable to R.C. 2963.13, 2963.15 respectively. Under Nev. Rev. Stat. 179.207 (R.C. 2963.13), the state requesting the prisoner's return is granted thirty days in which to effect the transfer, or the defendant will be discharged. However, this period may be extended for an additional sixty days, in effect giving the requesting state ninety days in which to effect the transfer. Nev.Rev.Stat. 179.211 (R.C. 2963.15). Jordan's extradition to Ohio was completed within that period, indicating that his Nevada detention could have been related solely to the Ohio offense.
Although Jordan did not conclusively show his entitlement to Nevada jail time credit, the record distinctly showed the possibility of entitlement and further indicated that the State did not object to any of his requests for credit. When the judge determined that he lacked jurisdiction to consider Jordan's requests, he did not address the sufficiency of his proof. Jordan, therefore, had no notice that his requests would be challenged on such grounds and might very well have expected the State to accede to his request based upon a belief that it had records of and knew the circumstances of his Nevada detention.
I would remand this case with instructions that Jordan be allowed to prove his claim with clear and convincing evidence. The record indicates that the bill for the transfer from Nevada to Ohio was sent to the Cuyahoga County Prosecutor's Office and I would expect the prosecutor would have records of Jordan's Nevada arrest and extradition. Those records would indicate whether Jordan was held on some other charge in Nevada before being returned to Ohio and he should have the right to request production of these documents. Even absent such right, the judge should have authority to request their production, especially where the State has argued that the record is unclear. If those records are unclear, Jordan should be allowed the opportunity to request the appropriate governmental records from the State of Nevada and prove his claim.[2]
[1] Both Ohio and Nevada have adopted provisions of the Uniform Criminal Extradition Act.
[2] Although inconclusive, Jordan's presentence investigation report indicates that it is believed that Jordan's Nevada arrest was for public intoxication and lack of identification, two offenses that can hardly be thought to have subjected Jordan to 2 1/2 months of jail time in Nevada.