DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Kevin Carter, filed this original action in mandamus. Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals, the matter was referred to a magistrate of this court. On January 14, 2004, the magistrate rendered his decision, including findings of fact and conclusions of law, wherein he recommended denial of the writ. (Attached as Appendix A.) Relator timely filed objections to the magistrate's decision, which objections are now before the court.
 {¶ 2} In January 2001, relator was indicted in the Cuyahoga County Court of Common Pleas on five felony counts. These counts stemmed from the same conduct for which relator had previously been convicted on federal charges and for which he was serving a 12-month prison term. Relator was released from federal prison on October 13, 2001. Relator pled guilty, in the Cuyahoga County court, to one count of conspiracy to commit aggravated robbery and one count of aggravated robbery. In March 2002, relator was sentenced to three years of imprisonment on each count, with each sentence to run concurrently.
 {¶ 3} In his complaint for a writ of mandamus filed in this court, relator alleges that the Cuyahoga County Court of Common Pleas failed to specify whether his state sentence was to be served consecutively to his federal sentence. He further alleges that respondent has a clear legal duty to "combine" the two sentences, pursuant to R.C. 2929.41(A). The magistrate concluded that respondent is under no such duty, since the state and federal sentences were not imposed at the same time and relator had already completed serving his federal prison sentence at the time he was sentenced in state court.
 {¶ 4} In his objections, relator appears to argue that he should not be required to serve consecutive federal and state sentences when (1) the two sentences are a result of the same course of conduct, and the state delayed prosecuting him such that his state sentence was imposed after the completion of his federal prison term; and (2) the total of the consecutive sentences resulted in relator serving more time than he, as a first-time offender, would have served under Ohio law, if all charges had been brought in state court. Relator points to no authority for these propositions, and we are unaware of any such authority.
 {¶ 5} Relator does not dispute the fact that he had completed service of his federal prison term prior to the imposition of his sentence in state court. Relator cannot escape the conclusion that, by the plain language of R.C. 2929.41(A), he is not entitled to serve his federal and state sentences concurrently. This is true notwithstanding the fact that the two sentences arose out of the same incident or course of conduct, since this is not a factor taken into consideration in the language of R.C. 2929.41(A).
 {¶ 6} Relator also argues that respondent is obligated to grant him jail time credit toward his state sentence for the time he spent in federal prison, pursuant to R.C. 2967.191. This section provides:
The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 7} The 1974 Committee Comment to H.B. 511, which amended R.C.2967.191 to the form in which it exists today, notes that the statute mandates reduction of stated felony prison terms "by the number of days during which the prisoner was confined awaiting trial, sentence, transportation to the penitentiary or reformatory, or for any other reason arising out of the case for which he was sentenced, including confinement during an examination to determine his sanity." (Emphasis added.)
 {¶ 8} Moreover, Ohio courts have consistently held that jail time credit is to be applied to an inmate's sentence only for confinement related to the specific case in which that sentence was imposed. SeeState v. McWilliams (1998), 126 Ohio App.3d 398, 710 N.E.2d 729 (jail time credit may not be applied for time served in Florida on Florida offenses; State ex rel. Gillen v. Ohio Adult Parole Auth. (1995),72 Ohio St.3d 381, 650 N.E.2d 454 (an inmate is not entitled to jail time credit for time served in New York while he was a parole violator). Clearly, R.C. 2967.191 pertains only to credit for time spent in jail awaiting disposition of the particular case out of which the inmate's sentence arises, and does not pertain to time spent serving a sentence pursuant to a case from another jurisdiction, including the federal courts.
 {¶ 9} In order to obtain a writ of mandamus, relator must establish that he has a clear legal right to the relief requested, that respondent has a clear legal duty to grant it, and that no adequate remedy at law exists to vindicate the claimed right. State ex rel. Hattie v. Goldhardt
(1994), 69 Ohio St.3d 123, 125, 30 N.E.2d 696. We conclude, as the magistrate did, that relator has not met this burden.
 {¶ 10} After an examination of the magistrate's decision, an independent review pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently discussed and appropriately determined the issues raised. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
 Lazarus, P.J., and Brown, J., concur. APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Kevin Carter, : Petitioner, : v. : No. 03AP-737 Reginald A. Wilkinson, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on January 14, 2004 Kevin Carter, pro se.
Jim Petro, Attorney General, and Philip King, for respondent.
 IN MANDAMUS ON RESPONDENT'S MOTION TO DISMISS {¶ 11} In this original action, relator, Kevin Carter, an inmate of the Belmont Correctional Institution, requests a writ of mandamus ordering respondent, Reginald A. Wilkinson, Director of the Ohio Department of Rehabilitation and Correction, to "consolidate" or "combine" his state and federal sentences into one concurrent sentence.
Findings of Fact:
 {¶ 12} 1. On July 21, 2003, relator, Kevin Carter, an inmate of the Belmont Correctional Institution, filed this original action against respondent, Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction.
 {¶ 13} 2. According to the complaint, on September 13, 2000, the United States District Court, Northern District of Ohio, sentenced relator to serve a 12-month term of imprisonment to be followed by three years of supervised release.
 {¶ 14} 3. According to the complaint, in January 2001, relator was indicted on five felony counts by the Cuyahoga County Grand Jury.
 {¶ 15} 4. According to the complaint, on or about October 13, 2001, relator was "released from Federal custody with approx. 3 years of supervision."
 {¶ 16} 5. According to the complaint, on March 11, 2002, the Cuyahoga County Court of Common Pleas entered judgment upon relator's guilty pleas to two counts of the indictment charging him with conspiracy to commit aggravated robbery and aggravated robbery. Relator was sentenced to serve three years of imprisonment on each count, with the sentences to run concurrently.
 {¶ 17} 6. According to the complaint, the Cuyahoga County Court of Common Pleas failed to specify whether the state sentences were to be served consecutively to relator's federal sentence.
 {¶ 18} 7. According to the complaint, respondent has a clear legal duty to "combine" the federal and state sentences into one concurrent term of imprisonment.
 {¶ 19} 8. On August 20, 2003, respondent filed a motion to dismiss.
 {¶ 20} 9. On September 2, 2003, relator filed a memorandum in opposition to the motion to dismiss. On September 12, 2003, respondent filed a reply to relator's memorandum in opposition.
Conclusions of Law:
 {¶ 21} It is the magistrate's decision that this court grant respondent's motion to dismiss for the failure of relator to state a claim upon which relief in mandamus can be granted.
 {¶ 22} R.C. 2929.41(A) provides that, subject to certain exceptions that are inapplicable to this case, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States.
 {¶ 23} In State v. Carter, Darke App. No. 1580, 2002-Ohio-6387, at ¶ 8, the Second District Court of Appeals had occasion to address R.C.2929.41(A). The Carter court stated:
In our view, a sentence can be served concurrently with another sentence only if both sentences are imposed at the same time or if the defendant is still in the process of serving one sentence when an additional sentence is imposed. It is simply not possible to serve sentences concurrently when one sentence has been served in its entirety before the other sentence is imposed. * * *
 {¶ 24} The pronouncement of the Carter court is instructive here. According to the complaint, relator was "released from Federal custody with approx. 3 years of supervision" on October 13, 2001. Some five months later, on March 11, 2002, relator was sentenced by the Cuyahoga County Court of Common Pleas. Under such circumstances, it is simply not possible to serve the federal sentence concurrently with the state sentence. Carter, supra.
 {¶ 25} It is well-settled that in order for a writ of mandamus to issue, relator must demonstrate (1) he has a clear legal right to the relief prayed for, (2) respondent is under a clear legal duty to perform the act, and (3) relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
 {¶ 26} In order for a court to grant a motion to dismiss for failure to state a claim, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. O'Brien v. University Community Tenants Union (1975),42 Ohio St.3d 242, 245.
 {¶ 27} Given the above analysis, it is beyond doubt that relator cannot show a clear legal right to the relief he seeks in this action.
 {¶ 28} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss on grounds that the complaint fails to state a claim upon which relief in mandamus can be granted.
 /s/ Kenneth W. Macke
KENNETH W. MacKE MAGISTRATE