DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Holly Apple-Wright has appealed from her convictions and sentence in the Lorain County Court of Common Pleas. This Court affirms in part and reverses in part.
 I {¶ 2} On October 30, 2002, Appellant was indicted on the following counts: three counts of rape in violation of R.C.2907.02; three counts of gross sexual imposition in violation of R.C. 2907.05; three counts of disseminating information harmful to a minor in violation of R.C. 2907.21; and three counts of child endangering in violation of R.C. 2919.22. On August 1, 2005, Appellant pled guilty to the latter nine counts. In return, the State dropped the three rape charges.
 {¶ 3} On October 24, 2005, Appellant moved to withdraw her guilty plea, alleging that she had passed a polygraph examination and no longer wished to plead guilty. Following a hearing on Appellant's motion, the trial court denied Appellant's motion to withdraw her plea. On December 19, 2005, the trial court sentenced Appellant to an aggregate term of two years incarceration for her nine convictions. Appellant has timely appealed her convictions, raising five assignments of error for review. For ease of analysis, we have rearranged Appellant's assignments of error and consolidated several of them.
 II Assignment of Error Number Three
"APPELLANT'S FIFTH AMENDMENT DUE PROCESS RIGHTS WERE VIOLATED WHEN SHE WAS NOT PERMITTED TO WITHDRAW HER PLEA IN VIOLATION OF CRIMINAL RULE OF PROCEDURE 32.1 WITHOUT TAKING INTO CONSIDERATION THE FACTS AND CIRCUMSTANCES OF THIS PARTICULAR CASE THEREBY DENYING DEFENDANT HER CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE RESULTING IN MANIFEST INJUSTICE."
 {¶ 4} In her third assignment of error, Appellant has argued that the trial court erred in denying her presentence motion to withdraw her guilty plea. Specifically, Appellant has asserted that the trial court erred in finding that she had not put forth a reasonable rationale for withdrawing her plea. This Court disagrees.
 {¶ 5} This Court reviews a motion to withdraw a guilty plea under the abuse of discretion standard. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion implies more than a mere error of judgment or law, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. Unless it is established that the trial court acted unjustly or unfairly, an appellate court cannot find that an abuse of discretion occurred. Xie, 62 Ohio St.3d at 526, quoting Barker v. United States (C.A.10, 1978), 579 F.2d 1219,1223.
 {¶ 6} Crim.R. 32.1 permits a defendant to file a presentence motion to withdraw his plea. Although a presentence motion to withdraw a guilty plea is generally "to be freely allowed and treated with liberality" by the trial court, the decision to grant or deny such a motion is nevertheless within the sound discretion of the trial court. Xie, 62 Ohio St.3d at 526. Moreover, "[a defendant] who enters a guilty plea has no right to withdraw it." Id. To prevail on a motion to withdraw a guilty plea a defendant must provide a reasonable and legitimate reason for withdrawing his guilty plea. State v. Dewille (Nov. 4 1992), 9th Dist. No. 2101, at *1, citing Xie,62 Ohio St.3d at 527; see, also State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 10. Determining whether the defendant's reason is reasonable and legitimate also lies within the trial court's sound discretion. State v. Rosemark (1996),116 Ohio App.3d 306, 308. Moreover, "the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by th[e] [trial] court[,]" and therefore, a reviewing court should defer to the trial court's judgment. (Quotations omitted). Xie, 62 Ohio St.3d at 525.
 {¶ 7} A trial court does not abuse its discretion in denying a motion to withdraw a plea when the following three elements were present: 1) the defendant was represented by competent counsel; 2) the trial court provided the defendant with a full hearing before entering the guilty plea; and 3) the trial court provided the defendant with a full hearing on the motion to withdraw his guilty plea and considered the defendant's arguments in support of his motion to withdraw his guilty plea. Rosemark,116 Ohio App.3d at 308. Although Appellant has not argued error under each of the three prongs of the test, we address all three prongs.
Competency of Counsel
 {¶ 8} An attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174. The record in the instant matter supports this presumption. Appellant has not alleged incompetent counsel and we have found no evidence that his counsel was ineffective. Based on the foregoing, we will not disturb the trial court's conclusion that Appellant was represented by competent counsel. Accordingly, the first element of the Rosemark test is satisfied. See Rosemark,116 Ohio App.3d at 308.
Full Hearing Before Entering Guilty Plea
 {¶ 9} Appellant does not dispute that she was given a full hearing prior to entering her guilty plea and that the trial court complied with Crim.R. 11. The second prong of theRosemark test, therefore, is satisfied. See Rosemark,116 Ohio App.3d at 308.
Full Hearing on Motion to Withdraw Plea
 {¶ 10} During the hearing on Appellant's motion to withdraw her plea, her counsel asserted that Appellant had recently taken and passed a polygraph examination. Appellant has asserted that such evidence is a reasonable and legitimate reason to withdraw her plea. We disagree.
 {¶ 11} "The trial court cannot admit the results of a polygraph test into evidence simply at an accused's request."State v. Jamison (1990), 49 Ohio St.3d 182, 190. Such results are admissible only if both the prosecution and defense jointly stipulate that an accused will take a polygraph test and that the results will be admissible. State v. Souel (1978),53 Ohio St.2d 123, syllabus. Accordingly, Appellant's basis for withdrawing her plea focused upon inadmissible evidence. This Court cannot say that the trial court abused its discretion in determining that such a reason was not reasonable nor legitimate. Rather, the record reveals that Appellant sought to withdraw her plea because she had changed her mind. A mere "change of heart," however, does not constitute a legitimate basis for the withdrawal of a guilty plea. State v. Miller (July 19, 2000), 9th Dist. No. 99CA007334, at *1.
 {¶ 12} Based upon the full hearing Appellant received and her failure to present a reasonable and legitimate basis for withdrawing her plea, the third prong of the test set forth inRosemark is satisfied. See Rosemark, 116 Ohio App.3d at 308. As each of Rosemark's prongs was satisfied, this Court cannot say that the trial court abused its discretion in denying Appellant's motion to withdraw her plea. Appellant's third assignment of error, therefore, lacks merit.
 Assignment of Error Number One
"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT FAILED TO PROVIDE A SPEEDY TRIAL WITHIN THE REQUIRED TIME PERIOD MANDATED BY R.C. § 2945.71(C)(2) AND AS GUARANTEED BY THE SIXTH AND FOURTEETH (sic) AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION."
 Assignment of Error Number Two
"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DENIED THE MOTION TO DISMISS AND IMPROPERLY GRANTED THE STATE'S ORAL MOTION TO CONTINUE ON APRIL 4, 2005 WHEN STATUTORY TIME WOULD HAVE EXPIRED ON THIS DATE AND THE TRIAL COURT FAILED TO PROPERLY CONSIDER THE CONSTITUTIONAL GROUNDS IN GRANTING THE STATE'S CONTINUANCE."
 Assignment of Error Number Four
"THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO MAKE A DETERMINATION OF COMPETENCY OF THE TESTIFYING WITNESSES AND TO HOLD A PRETRIAL TAINT HEARING WHEN THERE WAS NO INDEPENDENT EVIDENCE OF SEXUAL ABUSE, NO MEDICAL RECORDS, AND THE AUDIO RECORDING INDICATED A LACK OF CREDIBILITY."
 {¶ 13} In her first, second, and fourth assignments of error, Appellant has challenged numerous decisions made by the trial court prior to her guilty plea. We find that Appellant has not preserved these issues for review.
 {¶ 14} "A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings."Ross v. Common Pleas Court of Auglaize Cty. (1972),30 Ohio St.2d 323, 323-324, quoting Crockett v. Haskins (C.A.6, 1966),372 F.2d 475, 476. As Appellant has not challenged that her guilty plea was knowing and voluntary, she has waived all nonjurisdictional defects in the prior stages of the proceedings against him. Appellant has not challenged the jurisdiction of the trial court. She, therefore, has waived the alleged errors in his first, second, and fourth assignments of error for review. Appellant's first, second, and fourth assignments of error lack merit.
 Assignment of Error Number Five
"THE COURT COMMITTED PLAIN ERROR AT SENTENCING WHEN IT: FAILED TO GRANT APPELLANT FULL CREDIT FOR THE 586 DAYS SHE REMAINED INCARCERATED AWAITING TRIAL AND TO INCLUDE THE ORDER FOR POST-RELEASE CONTROL IN THE JOURNAL ENTRY."
 {¶ 15} In her final assignment of error, Appellant has argued that the trial court erred when it imposed sentence. Specifically, Appellant has asserted the trial court erred in calculating her jail time credit and failed to inform her of post-release control. This Court agrees.
Jail Time Credit
 {¶ 16} R.C. 2967.191 provides as follows:
"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner wasconvicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)
Pursuant to the above, it is the Adult Parole Authority which has a duty to grant jail time credit. The trial court, however, has a corresponding duty to properly calculate the total number of days credited. State v. Eaton, 3d Dist. No. 14-04-53,2005-Ohio-3238, at ¶ 9; State v. Smith (1992),71 Ohio App.3d 302, 303.
 {¶ 17} The plain language of R.C. 2967.191 provides that a defendant shall only receive jail time credit for confinement related to the instant offense for which he was convicted. SeeState v. McWilliams (1998), 126 Ohio App.3d 398, 401.
"If the trial court had credited any more of the time McWilliams [served on his unrelated offense] against his sentence, McWilliams would have received double credit for two separate offenses. The law does not compel, nor could it countenance, such an absurd result." Id.
Succinctly stated, "a defendant is not entitled to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v. Goehring, 6th Dist. No. OT-03-035,2004-Ohio-5240, at ¶ 10.
 {¶ 18} Initially, this Court notes that Appellant has entirely ignored the above law. As such, Appellant's brief provides no guidance with regard to the proper calculation of jail time credit.
 {¶ 19} Appellant was arrested on October 31, 2002. On January 27, 2003, Appellant began serving a sentence as a result of her convictions in Case Nos. 01CR058150 01CR058393. There is no evidence that Appellant was held from October 31, 2002 through January 27, 2003 for anything other the current matter. Accordingly, she is entitled to 88 days jail credit for that period. While serving her sentence which began on January 27, 2003, Appellant was sentenced in Case Nos. 02CR060056 
02CR060899. Those sentences were ordered to be run consecutively to Appellant's prior sentence, causing her release date to be set at September 24, 2004. Appellant, therefore, was held on other charges on those dates and does not receive jail time credit for the period between January 27, 2003 and September 24, 2004. Appellant then returned to jail on the pending charges and remained there from September 28, 2004 through April 8, 2005 when she posted bond. Accordingly, she is entitled to 192 days jail time credit for that period. Based upon the record before this Court, Appellant was held in jail on the instant charges for 280 days. To the extent, therefore, that the trial court awarded her credit for 325 days, it erred.
Post-Release Control
 {¶ 20} Initially, this Court notes that the State concedes error in the trial court's failure to inform Appellant of her post-release control. We agree that the trial court erred.
 {¶ 21} "[W]hen sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." (Footnote omitted). State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 17. If a trial court sentences a felony defendant to prison and fails to properly notify her about post-release control, the sentence is contrary to law and the matter must be remanded for resentencing. Id. at ¶ 23.
 {¶ 22} It is undisputed that the trial court failed to comply with Jordan and properly notify Appellant about post-release control. Accordingly, Appellant's sentence is contrary to law and this Court must vacate her sentence and remand for resentencing. Appellant's final assignment of error has merit as it relates to her sentence.
 III {¶ 23} Appellant's first, second, third, and fourth assignments of error are overruled. Appellant's fifth assignment of error is sustained as noted herein. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for resentencing consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed equally to the parties.
Slaby, P.J. Carr, J. concur.