DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant/Appellant appeals her sentence ordered by the Lorain County Court of Common Pleas after remand from this Court for resentencing. We affirm.
 {¶ 2} "On October 30, 2002, Appellant was indicted on the following counts: three counts of rape in violation of R.C. 2907.02; three counts of gross sexual imposition in violation of R.C. 2907.05; three counts of disseminating information harmful to a minor in violation of R.C. 2907.[3]1; and three counts of child endangering in violation of R.C.2919.22. On August 1, 2005, Appellant pled guilty to the latter nine counts. In return, the State dropped the three rape *Page 2 
charges." State v. Apple-Wright, 9th Dist. No. 06CA008865,2006-Ohio-5805 ("Apple-Wright I")
 {¶ 3} "On October 24, 2005, Appellant moved to withdraw her guilty plea, alleging that she had passed a polygraph examination and no longer wished to plead guilty. Following a hearing on Appellant's motion, the trial court denied Appellant's motion to withdraw her plea. On December 19, 2005, the trial court sentenced Appellant to an aggregate term of two years incarceration for her nine convictions." Id. at ¶ 3. Appellant appealed her conviction and sentence on January 13, 2006.
 {¶ 4} On November 6, 2006, in Apple-Wright I, this Court affirmed the trial court's judgment entry imposing sentence, in part, and reversed, in part, remanding the cause back to the trial court for re-sentencing because the trial court had failed to notify Defendant about post-release control as required by State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085. On November 15, 2006, the trial court held a hearing to resentence Defendant and issued its judgment entry of conviction and sentence on November 17, 2006 ("Judgment Entry"). Appellant timely appealed the Judgment Entry and raises one assignment of error.
 Assignment of Error "The trial court judge improperly imposed a more severe sentence upon a defendant after appeal."
 {¶ 5} In her sole assignment of error, Defendant asserts that her original sentence of two years in jail does not require a term of post-release control *Page 3 
because R.C. 2967.28 only applies if an offender is sentenced to prison. Accordingly, she maintains that because the new sentence imposes a two-year prison term, as opposed to the two-year jail term set forth in the original sentencing entry, and the five-year term of post-release control is mandatory pursuant to R.C. 2967.28, her new sentence is more severe and is presumed vindictive and unjustly imposed pursuant toNorth Carolina v. Pearce (1969), 395 U.S. 711 (finding more severe sentence unjustly imposed absent objective information in the judgment entry demonstrating "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." Id. at 726).
 {¶ 6} The State urges us to apply the law set forth in Alabama v.Smith (1989), 490 U.S. 794, which limits the rule set forth inPearce. In Alabama v. Smith, the United States Supreme Court held that the Pearce rule was only applicable where there is a reasonable likelihood "that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Alabama, 490 U.S. at 799.
 {¶ 7} We hold that under either standard, the record makes it clear that the Judgment Entry was not entered in a vindictive manner and fully explains the reasons for the new sentence. During the resentencing hearing, the trial judge noted that he was only imposing a prison term because this Court required him to *Page 4 
do so and that because we ordered him to impose a prison term, he was also required to notify Defendant of her mandatory term of post-release control. The Judgment Entry reflects both a prison term and post-release control. The discussions had on the record during the resentencing hearing make it clear that the trial judge is opposed to the new sentence and that any difference of opinion is with this Court, not Defendant. The trial judge asserted that the original sentencing entry makes clear that he only intended to impose a jail term, which does not require notification of post-release control, and that he is only issuing the Judgment Entry because he is required to do so by this Court.
 {¶ 8} Moreover, we hold that the new sentence is not more severe. As we noted in Apple-Wright I, "`a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence.'" Apple-Wright I at ¶ 21, quoting State v.Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 17. This Court is well aware of the "difference between jail and prison" and because the trial judge was not permitted to impose a two-year jail term, his original sentence must be construed as imposing a prison term, which requires notification of post-release control. Accordingly, the Judgment Entry simply reflects a correction of the mandatory prior sentence, not a new, more severe sentence.
 {¶ 9} The trial court had the discretion to either impose a prison term or a community control sanction upon Defendant. R.C. 2929.14
provides that *Page 5 
 "(A) [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 * *
 "(3) [f]or a felony of the third degree, the prison term shall be one, two, three, four, or five years."
R.C. 2929.15 states that:
 "(A)(1) If in sentencing an offender for a felony the court is not required to impose a prison term * * * the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16[.]"
 {¶ 10} R.C. 2929.16 provides only two options for incarceration: (1) a "term of up to six months at a community-based correctional facility that serves the county," or (2) a term of no longer than six months in a "jail." R.C. 2929.16(A)(1) and (2).
 {¶ 11} Besides the fact that the original judgment entry does not state that the trial court is imposing a community control sanction upon Defendant, the trial court was not permitted to impose two years in either a community-based facility or a jail and therefore, his imposition of "jail time" must be construed as a term of imprisonment. Accordingly, the sentence imposed in the Judgment Entry is not more severe, but instead is simply a correction or clarification of the sentence already imposed and the trial court was then required, as noted in Apple-Wright I, to notify Defendant of the mandatory term of post-release control set forth in R.C. 2967.28. *Page 6 
 {¶ 12} Defendant's sole assignment of error is overruled.
Judgment affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, J., MOORE, J., CONCUR. *Page 1