OPINION
{¶ 1} Defendant, Arturo Delarosa, is a convicted sexually oriented offender who is required to register and verify his current address, and notify the sheriff of any change in his address pursuant to R.C. 2950.04. Between March 9, 2006 — March 27, 2006, Defendant moved without providing notice to *Page 2 
the Miami County Sheriff of his change of address. As a result, Defendant was indicted on one count of failure to give notice of change of address in violation of R.C. 2950.05(A), a felony of the third degree. Pursuant to a plea agreement, Defendant entered a no contest plea to that charge. In exchange, the parties jointly agreed to and recommended a minimum one year sentence. The trial court accepted Defendant's no contest plea, found him guilty, and imposed the parties' jointly recommended one year sentence.
 {¶ 2} Defendant subsequently filed a motion seeking additional jail time credit for time he spent in jail in New Mexico and Colorado. Defendant had been arrested in New Mexico on detainers issued by both Colorado and Ohio. Defendant was first returned to Colorado to resolve pending criminal charges there, and then Defendant was returned to Miami County, Ohio, on March 16, 2007. The trial court overruled Defendant's motion for additional jail time credit, finding that Defendant was not entitled to credit in this case for time he served in other states on unrelated charges.
 {¶ 3} Defendant subsequently sought leave to file a delayed appeal, which we granted on December 24, 2007. Defendant's appellate counsel filed an Anders brief, Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, *Page 3 19 L.Ed.2d 493, stating that he could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has identified four possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "DID THE TRIAL COURT COMPLY WITH RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST TO ONE COUNT OF FAILURE TO GIVE NOTICE OF RESIDENCE ADDRESS CHANGE IN VIOLATION OF ___ 2950.05(A) OF THE OHIO REVISED CODE, A FELONY OF THE THIRD DEGREE, AND/OR IN FINDING HIM GUILTY OF THE COMMISSION OF SAID OFFENSE."
 {¶ 6} Defendant raises the issue of whether the trial court complied with Crim. R. 11(C)(2) in accepting his no contest plea. An examination of the trial court's colloquy with Defendant during the plea hearing on June 26, 2007, reveals that the trial court fully complied with all of the requirements in Crim. R. 11(C)(2) before accepting Defendant's no contest plea, and therefore Defendant's plea was knowing, intelligent, and voluntary. State v. Nero (1990), *Page 4 56 Ohio St.3d 106; State v. Handle, Montgomery App. No. 21931, 2007-Ohio-2967.
SECOND ASSIGNMENT OF ERROR
 {¶ 7} "DID THE TRIAL COURT ERR IN ACCEPTING AND ADOPTING THE JOINTLY STIPULATED ONE-YEAR PRISON SENTENCE?"
 {¶ 8} Defendant raises the issue of whether the trial court erred in accepting the parties' jointly recommended sentence. Defendant was convicted of a felony of the third degree for which the possible sentence is one, two, three, four, or five years in prison. R.C. 2929.14(A)(3). The sentence imposed by the trial court in this case, one year, is clearly authorized by law, was jointly recommended by both the defendant and the prosecution, and was imposed by the trial court. Accordingly, Defendant's sentence constitutes an "agreed sentence" that is not reviewable on appeal pursuant to R.C. 2953.08(D). State v.Haney, Greene App. No. 06CA105, 2007-Ohio-5174. There is no arguable merit in this assignment of error.
THIRD ASSIGNMENT OF ERROR
 {¶ 9} "DID THE TRIAL COURT ERR IN FAILING TO CREDIT APPELLANT WITH 5 DAYS OF JAIL TIME CREDIT FOR THE DAYS FROM THE DATE WHEN THE PROSECUTOR IN COLORADO FILED HIS MOTION TO DISMISS THE CHARGES PENDING THERE AND HOLDING APPELLANT UNTIL *Page 5 
THE DATE THE COURT ACTUALLY RULED UPON SAID MOTION TO DISMISS?"
 {¶ 10} Defendant raises the issue of whether he should be given jail time credit in this case for five days that he spent in jail in Colorado on charges pending against him there, between the filing of the Colorado prosecutor's motion to dismiss those charges and the Colorado trial court's decision granting that motion to dismiss. R.C. 2967.191, which governs jail time credit, provides that the department of rehabilitation and correction shall reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced.
 {¶ 11} As this court has previously stated, by its very terms R.C. 2967.191 only applies to time spent in confinement arising out of the offense for which the prisoner was subsequently convicted and sentenced.State v. McWilliams (1998), 126 Ohio App.3d 398. A defendant is not entitled to credit for time served in another state on an unrelated offense. Id. The time Defendant spent in jail in Colorado on unrelated criminal charges pending there before those charges were dismissed has no bearing on the failure to give notice of change of address charge for which Defendant was convicted and *Page 6 
sentenced in this case. Accordingly, Defendant is not entitled to jail time credit in this case for the five days he served in Colorado on an unrelated offense.
 {¶ 12} Furthermore, Defendant's appellate counsel states in his brief that Defendant completed serving his one year sentence in this case and was released from prison before counsel's appellate brief was ever filed. Under these circumstances, the issue of jail time credit would appear to be moot. This assignment of error lacks arguable merit.
FOURTH ASSIGNMENT OF ERROR
 {¶ 13} "DID TRIAL COUNSEL FAIL TO RENDER EFFECTIVE ASSISTANCE BY FAILING TO ARGUE THE REMAINING 5 DAYS OF CREDIT AND/OR TO FURNISH DOCUMENTATION IN SUPPORT OF SAME?"
 {¶ 14} Finally, Defendant raises the issue of whether his trial counsel performed in a deficient manner by failing to request jail time credit for the five days Defendant spent in jail in Colorado on criminal charges pending against him there before those charges were dismissed.
 {¶ 15} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), *Page 7 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id.; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 16} As we noted in concluding that the previous assignment of error lacked any arguable merit, Defendant is not entitled to jail time credit in this case for time served in another state on unrelated charges.McWilliams. Therefore, Defendant is not entitled to five days jail time credit for the time he spent in jail in Colorado on unrelated charges pending there, before those charges were dismissed. Accordingly, Defendant's trial counsel did not perform in a deficient manner, nor was Defendant prejudiced, by failing to request that jail time credit. There is no arguable merit in this assignment of error.
 {¶ 17} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1