[Cite as *State v. Turner*, 2014-Ohio-2056.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100162

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANKLIN TURNER

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED
FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569668-A

**BEFORE:** Stewart, J., S. Gallagher, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 15, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Road, No. 613
Cleveland, OH   44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   John D. Kirkland
          Marc D. Bullard
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, J.:

{¶1} A jury found defendant-appellant Franklin Turner guilty of four counts of felonious assault each with a one- and three-year firearm specification and one count of criminal damaging in connection with a drug deal that resulted in a shooting. On appeal in two assignments of error, Turner argues that the trial court and his trial counsel committed plain error when the court neglected to credit Turner for time served in calculating his prison sentence. Secondly, he argues that there was insufficient evidence presented at trial to support his conviction. For the reasons that follow, we affirm in part and reverse in part the decision of the trial court.

{¶2} One of the victims testified at trial to the following events that took place in November 2012. This victim stated that on the day of the shooting, he drove two friends to meet Turner in order to purchase marijuana from him. Turner had set up this arrangement with the driver, who Turner knew from his job. When Turner approached the vehicle, he leaned on the car's passenger side door while he and one of the vehicle's passengers exchanged heated words. As Turner was about to draw a gun from out of his pants, the driver sped away. Turner then fired a single shot at the vehicle. The shot shattered the back window of the car and hit the driver in the shoulder. The driver drove himself to the hospital where he identified Turner to the police as the person who shot him.

{¶3} Turner was arrested and indicted on one count of attempted murder, four counts of felonious assault, and one count of criminal damaging. During trial, Turner

moved for acquittal, but the court denied the motion. The jury found Turner guilty on all four counts of felonious assault and one count of criminal damaging but was unable to reach a verdict on the attempted murder charge. At the state's request, the court dismissed this count.

{¶4} At sentencing, two of the four felonious assault charges were merged and all of the firearm specifications were merged. Turner was sentenced to three years on each of the three remaining felonious assault counts. These counts were to be served concurrently with each other but prior to the three-year firearm specification for a total sentence of six years. Turner was sentenced to time served for the criminal damaging charge.

{¶5} In Turner's first assignment of error, he argues that his six-year sentence does not reflect the time he already served in prison awaiting trial. R.C. 2967.191 provides:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

While the Adult Parole Authority has a duty to grant jail-time credit, the trial court "has a corresponding duty to properly calculate the total number of days credited." *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, _ 66, citing *State v.*

*Apple-Wright*, 9th Dist. Lorain No. 06CA008865, 2006-Ohio-5805, ¶ 16; *see State v. Eaton*, 3d Dist. Union No. 14-04-53, 2005-Ohio-3238, ¶ 9.

{¶6} The record reflects that the court failed to calculate the number of days to be credited to Turner's sentence. The state concedes this point and asks that this court order a limited hearing on the issue of granting credit for time served. Turner's first assigned error is sustained.

{¶7} Next, we find no merit to Turner's second argument that his convictions were based on insufficient evidence. Turner claims that the shooting of the victim was an accident in response to an attempted robbery and attack on him by the two passengers in the vehicle. According to Turner, the two men attempted to rob him at gunpoint. In a struggle, one of the men dropped the gun. Turner picked up the gun and fired a shot as a means to defend himself. Turner argues also that there is no evidence that he was the person responsible for firing the shot that hit the victim or the victim's car. He points out that no gun was recovered and that the victims' version of the events must be inaccurate because his fingerprints were not found on the outside of the car's passenger side where Turner allegedly was leaning just before the shooting. Furthermore, Turner argues that he lacked motive to shoot the victim because he and the victim had an amicable relationship prior to this incident.

{¶8} A motion for judgment of acquittal should be granted only in cases where the evidence is "insufficient to sustain a conviction" for the charged offenses. Crim.R. 29(A). The trial court reviews a motion for judgment of acquittal by viewing the evidence in a

light most favorable to the state and then deciding if that evidence is such that "reasonable minds can reach different conclusions as to whether each material element of the crime has been proved beyond a reasonable doubt." *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus.

{¶9} When reviewing the sufficiency of the evidence to support a criminal conviction, a reviewing court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. A verdict will not be disturbed based upon insufficient evidence unless it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. *State v. Treesh*, 90 Ohio St.3d 460, 484, 739 N.E.2d 749 (2001).

{¶10} Turner was convicted of one count of felonious assault under R.C. 2903.11(A)(1) and three counts of felonious assault under R.C. 2903.11(A)(2). These sections of the felonious assault statute state:

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶11} Turner was also convicted under R.C. 2909.06 for criminal damaging. This provision states that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another * * * [k]nowingly, by any means."

{¶12} The driver of the vehicle testified that when he set up the marijuana purchase with Turner, Turner became aware that the other two men would also be in the vehicle. The driver stated that Turner had initially hung-up on him in response to finding out about the two men. According to the driver, when the three men arrived, Turner approached the passenger side window of the vehicle. He exchanged heated words with the individual seated in the front passenger seat of the car. However, the driver stated that at no time did any of the car's occupants attack or threaten Turner. The driver then recalled Turner reaching into his pants and saw something silver. The man in the front passenger seat also saw this object and in response jumped from the front into the back of the car. Afraid that the silver object might be a gun, the driver sped away from the scene. He then heard a loud popping noise followed by the shattering of the rear window of the car.

{¶13} The driver testified that he noticed he was shot moments later when his arm "went numb." He also told the court that Turner called him seconds after the shooting to apologize for breaking the rear windshield of the car and offered to replace it for $500. It was then that the driver told Turner that he had been shot. Turner seemed upset and apologetic.

**{¶14}** The other two occupants of the vehicle also testified to the events leading up to the shooting. They each gave a similar account of the incident. Each occupant testified about meeting Turner in order to purchase marijuana, the flash of what appeared to be a gun in the waistband of Turner's pants, the driver speeding away, and the single shot being fired. They also testified about a prior run-in involving them and Turner in October 2012 concerning a mutual friend who allegedly owed Turner money. Turner and the friend got into a physical altercation while the two men were present. Since this incident, Turner harbored hostile feelings toward the men.

**{¶15}** The police involved in the investigation also testified. They found glass and a shell casing at the scene consistent with the testimony of the three victims. One of the officer's testified to the condition of the vehicle. He described the damage to the rear window consistent with the version of events described by the victims.

**{¶16}** The victims and Turner offer very different versions of the events, but if the state's evidence is believed, the evidence is sufficient to prove the elements of the crimes. Despite these conflicting versions of the events, the relevant standard of review for an insufficiency claim requires us to view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jenks*, at paragraph two of the syllabus. In doing so, we find the evidence sufficient to sustain Turner's convictions.

**{¶17}** Turner's convictions are affirmed, but the matter is remanded solely for the trial court to calculate how much jail time Turner should be credited.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR
100162
KEY WORDS AND SUMMARY
Testimony; shooting; gun; weapon; sufficiency; evidence; felonious assault; criminal damaging; jail credit. Evidence is sufficient for felonious assault and criminal damaging convictions where three witnesses testify to a similar version of the events that prove the elements of the offenses beyond a reasonable doubt. The court did not calculate jail credit.