OPINION
{¶ 1} Defendant-appellant, Tyrone Eaton (hereinafter "Eaton), appeals the judgment of the Union County Court of Common Pleas which granted Eaton jail time credit in the amount of one hundred days.
 {¶ 2} On March 21, 2003, Eaton went to a bank in Marysville, Ohio and presented a teller with a driver's license identifying himself as Jeffrey Eskins. The license contained all of Eskins' information, but displayed Eaton's picture. With the license, Eaton gave the teller a savings withdrawal slip indicating he wished to withdraw $8900 from Eskins' account. The teller became suspicious and halted the transaction.
 {¶ 3} In June 2003, while police were investigating the incident in Marysville, Eaton was indicted and incarcerated in Franklin County in another, unrelated case. Eaton was indicted in Union County on October 7, 2003 in connection with the bank transaction in Marysville. Eaton continued to be held in jail in Franklin County while awaiting trial in Union County.
 {¶ 4} A subsequent plea agreement was reached in the Union County case and Eaton was sentenced on March 10, 2004. Instead of being taken to prison, however, Eaton was taken back to Franklin County to await sentencing in his Franklin County case. While he was awaiting sentence, he filed an appeal with this court from his Union County case. As a result of that previous appeal, we remanded for re-sentencing.
 {¶ 5} Eaton was sentenced in Franklin County on September 14, 2004. The Franklin County court ordered the sentences to be served consecutively to those imposed by Union County. Following the imposition of sentence in Franklin County, Eaton was transferred to prison.
 {¶ 6} On December 13, 2004, the trial court held the re-sentencing hearing ordered by this court per Eaton's appeal from his Union County case. At re-sentencing, the trial court awarded Eaton one hundred days jail time credit, representing the period from September 14, 2004, the date he was transferred to prison, to December 13, 2004, the date of the re-sentencing hearing.
 {¶ 7} Eaton now appeals the trial court's calculation of his jail time credit. He sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court did error [sic] by not properly calculating andgranting the appropriate amount of jail time credit to appellant.
 {¶ 8} In his sole assignment of error, Eaton claims the trial court erred in granting him only one hundred days of jail time credit. Rather, he argues he should get two hundred and seventy-eight days of jail time credit for the period from March 10, 2004, the date he was sentenced in the Union County case, to December 13, 2004, the date of the re-sentencing hearing. Specifically, Eaton contends that while he was held in Franklin County, he was waiting to be transported to the state penitentiary and is entitled to credit for that time pursuant to R.C.2967.191.
 {¶ 9} R.C. § 2967.191 provides for the calculation of jail time credit and states in pertinent part:
The department of rehabilitation and correction shall reduce the statedprison term of a prisoner * * * by the total number of days that theprisoner was confined for any reason arising out of the offense for whichthe prisoner was convicted and sentenced, including confinement in lieuof bail while awaiting trial * * * and confinement while awaitingtransportation to the place where the prisoner is to serve the prisoner'sprison term.
While the Adult Parole Authority has the duty to grant jail time credit, the trial court has the duty to properly calculate the number of days to be credited. State v. Fair, 136 Ohio App.3d 184, 2000-Ohio-1614.
 {¶ 10} Pursuant to R.C. 2967.191, a defendant is entitled to credit for only those times he was confined in connection with the instant offense. State ex. rel. Gillen v. Ohio Adult Parole Authority (1995),72 Ohio St.3d 381. A defendant is not entitled to credit, however, for time served while incarcerated in another jurisdiction for offenses unrelated to the instant offense. Id.; State v. McWilliams (1998),126 Ohio App.3d 398. Ohio courts have consistently held that jail time credit is to be applied to an inmate's sentence only for confinement related to the specific case in which that sentence was imposed. SeeMcWilliams, id.
 {¶ 11} In the case sub judice, although Eaton characterizes his time in the Franklin County jail as time spent "waiting to the transported to the state penitentiary," he was, in actuality, awaiting sentencing in a case under the jurisdiction of Franklin County and unrelated to the Union County case. Accordingly, pursuant to R.C. 2967.191, we find that Eaton was not entitled to jail time credit from Union County while he was held in Franklin County.[1] Therefore, the trial court did not err in its calculation of Eaton's jail time credit.
 {¶ 12} Eaton's assignment of error is hereby overruled.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant and Rogers, J.J., concur.
[1] We note that our decision does not preclude the possibility that Eaton could not receive credit for the time spent in the Franklin County jail awaiting sentencing in Franklin County. However, any such credit would have to be granted by a Franklin County court.