DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, the State of Ohio, has appealed from the judgment of the Lorain County Court of Common Pleas which awarded Appellee, Thomas Brooks, jail time credit totaling 238 days. This Court reverses.
 I. {¶ 2} Appellee was arrested on September 23, 2003. On November 19, 2003, Appellee was indicted for numerous drug and firearm offenses. Those offenses are as follows: one count of illegal manufacture of drugs in violation of R.C. 2925.04(A); one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A); one count of aggravated possession of drugs in violation of R.C.2925.11(A); one count of illegal manufacture of explosives in violation of R.C. 2923.17(B); two counts of possession of a dangerous ordinance in violation of R.C. 2923.17(A); and one count of having weapons under disability in violation of R.C.2923.13(A)(2). Each count included a firearm specification. Appellee entered a not guilty plea to the charges on November 26, 2005.
 {¶ 3} Following his arraignment on the above charges, Appellee was sentenced for an unrelated probation violation. Appellee's eight-month sentence for the probation violation began on September 26, 2003. Once Appellee had served his sentence on the unrelated conviction, he posted bond and was released on May 17, 2004. On June 8, 2005, Appellee withdrew his not guilty plea and pled guilty to a modified indictment. On August 23, 2005, Appellee was sentenced by the trial court to an aggregate term of five years. The court then calculated Appellee's jail time credit and awarded him 238 days. The State timely appealed the trial court's calculation, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN THE AMOUNT OF JAIL TIME CREDIT AWARDED TO APPELLEE DURING THE SENTENCING HEARING."
 {¶ 4} In its sole assignment of error, the State asserts that the trial court erred in awarding Appellee jail time credit for the time period he spent incarcerated on another conviction. This Court agrees.
 {¶ 5} R.C. 2967.191 provides as follows:
"The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner wasconvicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." (Emphasis added.)
Pursuant to the above, it is the Adult Parole Authority which has a duty to grant jail time credit. The trial court, however, has a corresponding duty to properly calculate the total number of days credited. State v. Eaton, 3d Dist. No. 14-04-53,2005-Ohio-3238, at ¶ 9; State v. Smith (1992),71 Ohio App.3d 302, 303.
 {¶ 6} The plain language of R.C. 2967.191 provides that a defendant shall only receive jail time credit for confinement related to the instant offense for which he was convicted. SeeState v. McWilliams (1998), 126 Ohio App.3d 398, 401.
"If the trial court had credited any more of the time McWilliams [served on his unrelated offense] against his sentence, McWilliams would have received double credit for two separate offenses. The law does not compel, nor could it countenance, such an absurd result." Id. Succinctly stated, "a defendant is not entitled to jail-time credit for any period of incarceration which arose from facts which are separate and apart from those on which his current sentence is based." State v.Goehring, 6th Dist. No. OT-03-035, 2004-Ohio-5240, at ¶ 10.
 {¶ 7} It is undisputed that Appellee was confined for only three days on the instant offense prior to being incarcerated under a sentence on an unrelated offense. Accordingly, under R.C.2967.191, Appellee was not entitled to the remaining 235 days he served pursuant to the unrelated conviction.
 {¶ 8} Appellee, however, urges that the trial court's calculation is correct on two grounds. First, he asserts that since his arrest on the instant charges came prior to his sentencing on the probation violation, he is entitled to the full 238 days. We disagree.
 {¶ 9} In Smith, supra, the Tenth District was confronted with a similar argument. Smith was arrested for a felony violation on April 27, 1991. Smith, 71 Ohio App.3d at 303. On May 3, 1991, Smith was incarcerated for an unrelated misdemeanor offense. Id. In finding that Smith was not entitled to jail time credit for the period he was incarcerated for the misdemeanor offense, the court noted as follows:
"In this case, appellant was incarcerated on a prior misdemeanor criminal conviction which was completely unrelated to the offense for which he was later sentenced by the trial court. Because the sentence in the municipal court case did not arise out of the offense for which appellant was convicted in this case, appellant is not entitled to additional jail-time credit." Id. at 304.
We agree with our sister district that Appellee's "first in time" argument lacks merit as it conflicts with the plain language of R.C. 2967.191.
 {¶ 10} Appellee also argues that the trial court was within its discretion to award him credit because it had the discretion to order that his sentence for the instant offense be run concurrently with his eight-month sentence. We find no merit to Appellee's argument.
 {¶ 11} Appellee's eight-month sentence ended prior to the imposition of his sentence in the instant matter. Appellee has offered no authority and this Court has located no authority for the proposition that a trial court may order a defendant's sentence to run concurrently with a sentence that has already been completed. Accordingly, the State's sole assignment of error is sustained.
 III. {¶ 12} The State's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas awarding Appellee 238 days of jail time credit is reversed.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, P.J., Boyle, J., concur.