OPINION
{¶ 1} The defendant-appellant, Daniel Lynn ("Daniel"), appeals the October 25, 2006 Judgment Entry denying Daniel's motion for jail time credit in the Court of Common Pleas of Van Wert County, Ohio.
 {¶ 2} On February 17, 2000, in case number CR-00-02-031, which is not under appeal, Daniel was arraigned for aggravated robbery, kidnapping, and gross sexual imposition and was held on a $100,000.00 cash bond which was not posted. He pled guilty to aggravated robbery and kidnapping in case number CR-00-02-031 on April 20, 2000. On May 17, 2000, he was sentenced to a prison term of five years for aggravated robbery and five years for kidnapping, with the sentences ordered to run concurrently. Daniel was given credit for 99 days toward the sentence for the time he was incarcerated awaiting disposition of the charge.
 {¶ 3} On May 5, 2000, in case number CR-00-05-064, which Daniel is appealing, he was indicted for aggravated robbery, which offense was unrelated to the offenses in case number CR-00-02-031. The trial court did not set bond on this case because Daniel was currently in jail awaiting sentencing on case number CR-00-02-031. On August 31, 2000, Daniel was found guilty by a jury for aggravated robbery. On October 6, 2000, he was sentenced to seven years in prison. The trial court ordered that the sentence in CR-00-05-064 be run *Page 3 
concurrently with the sentence in case number CR-00-02-031 with zero days credit toward the sentence imposed in case number CR-00-05-064.
 {¶ 4} Daniel did not timely appeal the conviction in case number CR-00-05-064. On October 19, 2006, he filed a motion for jail time credit pursuant to R.C. 2967.191. On October 25, 2006, the trial court denied the motion for jail time credit.
 {¶ 5} On November 21, 2006, Daniel filed a notice of appeal raising the following assignments of error:
 Assignment of Error I THE TRIAL COURT COMMITS PLAIN ERROR BY FAILING TO GRANT MR. LYNN JAIL TIME CREDIT UNDER 2967.19.1 AND INCLUDE IT IN THE SENTENCE ENTRY, VIOLATING OHIO CONSTITUTION ARTICLE 1, SECTION 10 AND UNITED STATES CONSTITUTION ARTICLE 14 AMEND (sic), AND EQUAL PROTECTION.
 Assignment of Error II THE TRIAL COURT ERRED BY FAILING TO GRANT MR. LYNN JAIL TIME CREDIT, AND FAILING TO FOLLOW THE SENTENCING MANDATES OF O.R.C. 2967.19.1 VIOLATING THE AUTHORITY OF STATE v. BEASLEY, 471 N.E.2D 774, 14 Ohio St.3d 74 (1984), OHIO CONSTITUTION ARTICLE 1, SECTION 10 AND UNITED STATES CONSTITUTION AMEND (sic) 14 AND EQUAL PROTECTION.
 Assignment of Error III THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO APPLY THE PRINICPLE OF LAW *Page 4 APPLICABLE TO THE SITUATION. IN VIOLATION OF THE 14 AMEND (sic) UNITED STATES CONSTITUTION, OHIO CONSTITUTION, ARTICLE 1, SECTION 10 AND EQUAL PROTECTION.
 {¶ 6} Daniel's assignments of error shall be addressed together due to the fact that all of his assignments of error are substantially interrelated and pose issues concerning whether the trial court erred in failing to grant him jail time credit in case number CR-00-05-064. Specifically, he alleges that the trial court erred by failing to grant him jail time credit pursuant to R.C. 2967.191, State v. Beasley (1984),14 Ohio St.3d 74, 471 N.E.2d 774, the Ohio Constitution Article I, Section 10, the United States Constitution Amendment 14, and the Equal Protection Clause.
 {¶ 7} R.C. 2967.191 provides,
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 8} A defendant is not entitled to jail time credit under R.C.2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based. State v.Logan (1991), *Page 5 71 Ohio App.3d 292, 300, 593 N.E.2d 395. As stated in State v. Callender (February 4, 1992), Franklin App. No. 91AP-713, under Crim.R. 32.2(D) and R.C.2967.191, a trial court is not required to recognize duplicate or multiple pretrial detention credit. See also State v. Sears, 2nd Dist. No. 20330, 2005-Ohio-1593.
 {¶ 9} In State v. Smith (1992), 71 Ohio App.3d 302, 593 N.E.2d 402, the trial court stated that the statute "does not entitle a defendant to jail-time credit from facts which are separate and apart from those on which his current sentence is based." After repeating the above,State v. Logan (1991), 71 Ohio App.3d 292, 593 N.E.2d 395, goes on to say that "[s]ince the defendant was incarcerated on a prior unrelated conviction during the pendency of the present case, he is not entitled to jail-time credit." Id. at 300, 593 N.E.2d 395.
 {¶ 10} In State v. Elbe, 10th Dist. No. 04AP-334, 2004-Ohio-6721, the defendant was sentenced simultaneously in two separate cases to two-four year sentences each to run concurrent with one another. The trial court in one case imposed a four year sentence with 345 days credit and in the other case the trial court imposed a four year sentence with zero days credit. On appeal, the defendant argued that because the sentences ran concurrently, he should have received credit for 354 days in both cases. The Tenth District Court of Appeals rejected his argument and stated:
 [In a]pplying standard rules of statutory construction, it is our interpretation of Crim.R. 32.2(d), when read in conjunction with *Page 6 R.C. 2967.191, that a trial court is not required to recognize duplicate or multiple pretrial detention credit. We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the No. of convictions entered against him. To do so would, in effect, discriminate in favor of the defendant charged with more than one offense over the defendant charged with only one offense.
Elbe, at ¶ 10, quoting State v. Fincher (March 31, 1998), Franklin App. No. 97AP-1084, quoting State v. Callender (February 4, 1992), Franklin App. No. 91AP-713. Furthermore, the Fifth District Court of Appeals has held that a trial court is not required to recognize duplicate or multiple pretrial detention time. State v. Marcum (January 8, 2002), Ashland App. No. 01-COA-01411.
 {¶ 11} In this case, Daniel argues that he is entitled to jail time credit for the time he spent in jail from May 5, 2000 until October 6, 2000, a total of 154 days, in both case numbers CR-00-02-031 and CR-00-05-064. Specifically, Daniel is seeking to have his jail time credited against both sentences. During the sentencing of case number CR-00-02-031, on May 17, 2000, Daniel was given credit for 99 days toward the sentence for the time he was incarcerated awaiting the disposition of that charge. On October 6, 2000, he was sentenced in case number CR-00-05-064 to seven years in prison with the two cases to run concurrently. He was not credited any days toward the sentence in case number CR-00-05-064. During the sentencing hearing, Daniel did not raise any objections regarding the sentence imposed by the trial court. Furthermore, he did not file a *Page 7 
direct appeal in this case on the trial court's judgment entry which addressed the issue of jail time credit.
 {¶ 12} Based on the foregoing, we find that the trial court did not err by refusing to credit him with "duplicate" pretrial detention credit for any of the time he was held on the two unrelated offenses. Accordingly, Daniel's three assignments of error are overruled and the October 25, 2006 Judgment Entry denying his motion for jail time credit in the Court of Common Pleas of Van Wert County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1