OPINION *Page 2 
{¶ 1} Defendant-appellant, Che Pitts (hereinafter "Pitts"), appeals the sentence imposed by the Allen County Court of Common Pleas. Pitts also appeals the trial court's judgment regarding the amount of jail time credited. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 28, 2005, Pitts was arrested. On March 17, 2005, the Allen County Grand Jury indicted Pitts on five counts in Case No. CR 2005 0039, including: counts one, two, and three of trafficking in cocaine, violations of R.C. 2925.03(A)(C)(4)(e), and felonies of the second degree; count four of possession of cocaine, in violation of R.C.2925.11(A)(C)(4)(d), and a second degree felony; and count five of engaging in a pattern of corrupt activity, in violation of R.C.2923.32(A)(1), and a first degree felony.
 {¶ 3} Pitts subsequently pled guilty to counts one, two, three, and four. The prosecution dismissed count five of the indictment. The trial court accepted the guilty plea and Pitts was convicted.
 {¶ 4} On November 17, 2006, the trial court sentenced Pitts to a mandatory eight year term of imprisonment on count one, a mandatory eight year term of imprisonment on count two, a mandatory eight year term of imprisonment on count three, and a mandatory five year term of imprisonment on count four. *Page 3 
The trial court further ordered the prison terms in counts two, three, and four to be served concurrently to count one and concurrent to each other. The trial court also granted jail time credit of 91 days.
 {¶ 5} On November 28, 2006, Pitts filed a motion with the trial court arguing that he should be given additional jail time credit. The trial court subsequently overruled this motion.
 {¶ 6} Pitts now appeals his sentence and the trial court's denial of additional jail time credit to this court and asserts two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Trial Court imposed maximum sentences pursuant to an ex post facto judicially created sentencing law, in violation of his right to freedom from such enactments and in violation of Due Process.
 {¶ 7} In his first assignment of error, Pitts argues that when he committed his crimes, there was a presumption of minimum non-consecutive sentences; however, "after the crimes were committed, a new and stricter penalty has been established, applied retroactively." Pitts maintains that the Ohio Supreme Court's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, was unforeseeable and that the retroactive application of Foster violates his right to due process and his freedom from ex post facto legislation. *Page 4 
 {¶ 8} This court has previously held that the Ohio Supreme Court's decision in Foster does not violate the due process clause or the ex post facto clause. State v. McGhee, 3d Dist. No. 17-06-05,2006-Ohio-5162, at ¶¶ 14-20; State v. Coleman, 3d Dist. No. 1-06-91,2007-Ohio-3338, at ¶ 6. For the reasons expressed by this court inMcGhee, we find that Pitts' arguments lack merit.
 {¶ 9} Pitts committed the offenses at issue after the United States Supreme Court decided Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435, which foreshadowed a major change in criminal sentencing law. Additionally, the statutory range of sentences for the offenses of which Pitts was convicted has remained unchanged, thus Pitts was on notice of the potential penalties for his unlawful conduct. See McGhee at ¶¶ 16, 20; R.C. 2929.14(A).
 {¶ 10} In addition, this court has noted that "[b]y its very definition a presumptive sentence is not guaranteed." McGhee,2006-Ohio-5162, at ¶ 24. Thus, Pitts was not guaranteed a minimum concurrent sentence.
 {¶ 11} Finally, the retroactive application of the Foster decision to cases on direct review was mandated by the Ohio Supreme Court.Foster, 2006-Ohio-856, at ¶¶ 103-104. This court is obligated to follow the precedent established by the Ohio Supreme Court. See State v.Dunn, 3d Dist. No. 8-06-20, 2007-Ohio-1358, at ¶ 9.
 {¶ 12} Pitts' first assignment of error is, therefore, overruled. *Page 5 
 ASSIGNMENT OF ERROR NO. II The Trial Court improperly denied credit to Che Pitts for time served pending resolution of this matter.
 {¶ 13} In his second assignment of error, Pitts argues that he was arrested on January 28, 2005 and held until November 18, 2005, the day that he posted bond, on both Case No. CR 2005 0039 and Case No. CR 2003 0096. Pitts argues that when a person is sentenced for multiple offenses, the prison terms are to be served concurrently unless the trial court specifies that the sentences are to be served consecutively, and since the trial court did not specify that Case No. CR 2003 0096 be served consecutively to Case No. CR 2005 0039, the sentences are to be served concurrently. Pitts further argues that when the prison terms run concurrently then jail time credit should be given for all cases for which the person was incarcerated, and thus, the trial court erred when it refused to grant him credit for time served against both cases. Pitts maintains that he is entitled to an additional 295 days of jail time credit. Pitts argues that the "denial of credit against both cases means that the person who receives concurrent sentences, as required by law will actually serve consecutive sentences if he cannot post bond. This violates the Ohio and federal Equal Protection Clauses, as indigent defendants will receive de facto consecutive sentences* * *".
 {¶ 14} R.C. 2967.191 provides: *Page 6 
 The department of rehabilitation and correction shall reduce the stated prison term of a prisoner, or if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * * and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.
 {¶ 15} The Adult Parole Authority has the duty to grant jail time credit, however, "the trial court has the duty to properly calculate the number of days to be credited." State v. Eaton, 3d Dist. No. 14-04-53,2005-Ohio-3238, at ¶ 9, citing State v. Fair, 136 Ohio App.3d 184,2000-Ohio-1614; State v. Brooks, 9th Dist. No. 05CA008786,2006-Ohio-1485, at ¶ 5, citations omitted.
 {¶ 16} Under R.C. 2967.191, the defendant is entitled to jail time credit only for confinement that is related to the offense of which the defendant was convicted and sentenced. R.C. 2967.191; Brooks,2006-Ohio-1485, at ¶ 6, citations omitted. "A defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based." State v. Lynn, 3d Dist. No. 15-06-16,2007-Ohio-3344, at ¶ 8, citing State v. Logan (1991),71 Ohio App.3d 292, 300, 593 N.E.2d 395. In addition, "[w]hen calculating jail time credit, `a trial court is not required to recognize duplicate or multiple pretrial detention credit.'" State v. Peck, 10th Dist. Nos. 01AP-1379, 02AP-146, 2002-Ohio-3889, at ¶ 10, *Page 7 
quoting State v. Callender (1992), Franklin App. No. 91AP-713; State v.Green, 2d Dist. No. 21082, 2006-Ohio-3196, at ¶ 16, citations omitted.
 {¶ 17} In State v. Peck, 2002-Ohio-3889, at ¶ 2, the appellant was indicted on a possession of cocaine charge on September 15, 2000. The appellant was incarcerated on a domestic violence charge at the time of the indictment. Id. On August 1, 2001, the appellant pled guilty to the domestic violence charge and was sentenced to eleven month in prison which was suspended for time served. Id. at ¶ 3. The appellant then posted bond on the possession of cocaine charge and was released on September 5, 2001. Id. at ¶ 4. Shortly thereafter, the appellant pled guilty to the possession of cocaine charge. Id. On November 2, 2001, the appellant was sentenced to three years imprisonment and the trial court calculated that the appellant had no jail time credit. Id. The Tenth District found that the trial court had awarded appellant credit for time served by suspending the eleven month sentence on the domestic violence charge, and thus, the trial court did not err in refusing to award the appellant with "double time credit". Id. at ¶ 12. However, the Tenth District found that the trial court erred when it failed to award jail time credit from August 1, 2001 until September 5, 2001, as the appellant was being held only on the possession of cocaine charge. Id. at ¶ 13. We agree with the court's decision in Peck.
 {¶ 18} In overruling Pitts' motion for jail time credit, the trial court stated, *Page 8 
 The Court finds that the Motion for Jail Time Credit filed herein is without merit and should be overruled. The Court's Judgment Entry of Sentencing dated November 17, 2006 granted jail time credit totaling 91 days as of said date. The Court finds in Case No. 2003 0096 defendant was sentenced on April 6, 2006 and in said Judgment Entry of Sentencing for that case defendant was given credit for all time served from January 28, 2005. Therefore, defendant's jail time credit in the instant case commences April 6, 2006. The defendant was released from custody on April 13, 2006 for a total of 8 days credit. Defendant was arrested June 19, 2006 and released July 18, 2006 for a total of 30 days credit. Defendant was arrested September 26, 2006 and sentenced on November 17, 2006 for a total of 53 days credit. Therefore, defendant's total credit in this case is 91 days as previously ordered.
 {¶ 19} In the case sub judice, the trial court's judgment entry filed in Case No. CR 2005 0039 on January 18, 2007 indicates that Pitts was sentenced in Case No. 2003 0096 on April 6, 2006 and that Pitts received jail time credit in that case for the time served since Pitts' arrest.[1] In fact, Pitts acknowledges in his appellate brief that his sentence in the 2003 case was for one year, and "as his sentence was for one (1) year, he received full credit for the entire sentence, such that the sentence was satisfied."
 {¶ 20} Accordingly, we find that Case No. CR 2003 0096 was completed before the sentencing hearing was conducted in Case No. CR 2005 0039. As a result, the trial court was under no duty to order that the sentences for the two *Page 9 
cases be served either concurrently or consecutively. Thus, we will not address Pitts' arguments regarding jail time credit when a sentence is served concurrently.
 {¶ 21} Furthermore, Pitts was given jail time credit in Case No. CR 2003 0096 for the amount of time he served since his arrest. Since a trial court is "not required to recognize multiple* * * pretrial detention credit" and Pitts was already credited the time in the 2003 case, Pitts was not entitled to have that time also credited to the offense in the unrelated case of Case No. CR 2005 0039. SeePeck, 2002-Ohio-3889, at ¶ 10, quoting Callender (1992), Franklin App. No. 91AP-713; Green, 2006-Ohio-3196, at ¶ 16, citations omitted. Accordingly, we hold that the trial court did not err when it calculated the amount of jail time credit in Case No. CR 2005 0039 as 91 days.
 {¶ 22} Pitts' second assignment of error is, therefore, overruled.
 {¶ 23} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. r
[1] Case No. CR 2003 096 has not been filed with this court, and there is nothing in the record to contradict the trial court's findings regarding the date Pitts was sentenced in that case or the amount of jail time credit Pitts received. In addition, there is nothing in the record to indicate that the two cases were related. *Page 1