{¶ 23} I respectfully dissent from the majority determination that a meaningful review of the record cannot be conducted because the trial court failed to hold a hearing regarding whether Carter's time at Northwest CCC constituted confinement under the terms of R.C. 2967.191.
 {¶ 24} I do not believe a hearing is necessary. Even assuming a hearing established Carter was not free to leave the Northwest CCC facility, he is not entitled to credit for time served beyond what the trial court already granted. Simply put, *Page 9 
Carter cannot "piggyback" jail time served in CR-452673, CR-457338, and CR-462715 onto both CR-492488 and CR-492769. These two latter cases were not even in existence at the time Carter was serving the initial sentences. See R.C. 2967.191; State v. Fugate, 117 Ohio St.3d 261,2008-Ohio-856; and State v. Brooks, Lorain App. No. 03CR063907,2006-Ohio-1485.
 {¶ 25} Further, I believe the majority decision, by mandating a hearing, invites a needless and unnecessary burden on a trial court over what is a readily recognizable administrative calculation.
 {¶ 26} I would affirm the decision of the trial court. *Page 1