[Cite as *State v. Daughenbaugh*, 2009-Ohio-3823.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 16-09-05

    v.

ROBERT DAUGHENBAUGH,          O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Wyandot County Common Pleas Court**
**Trial Court No. 07 CR 23**

**Judgment Affirmed**

**Date of Decision:  August 3, 2009**

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Douglas R. Rowland* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, Robert Daughenbaugh, appeals the judgment of the Wyandot County Court of Common Pleas revoking his judicial release and reimposing his prison term without granting jail-time credit for time served for a prior revocation of judicial release and reincarceration in two other counties on unrelated offenses. On appeal, Daughenbaugh argues that the trial court denied him equal protection of the law by failing to afford him jail-time credit against his sentence for time served upon his reincarceration in other counties where the prison sentence originally imposed by those other counties was ordered to be served concurrently with the sentence imposed in this case. Daughenbaugh also argues that he was denied effective assistance of counsel when his trial counsel failed to provide the trial court with judgment entries of his convictions in other counties evidencing that his sentences in those counties were to be served concurrently to the sentence imposed in this case. Based on the following, we affirm the judgment of the trial court.

{¶2} In March 2007, Daughenbaugh was indicted by the Wyandot County Grand Jury on one count of breaking and entering in violation of R.C. 2911.13(A), a felony of the fifth degree, and one count of vandalism in violation of R.C. 2909.05(B)(1)(a), a felony of the fifth degree.

{¶3} In May 2007, Daughenbaugh entered a guilty plea to both counts of the indictment, and, in June 2007, the matter proceeded to sentencing, at which the trial court imposed two consecutive eleven-month prison terms, for a total prison term of twenty-two months. Subsequently, Daughenbaugh filed a notice of appeal.

{¶4} In July 2007, Daughenbaugh was also sentenced for unrelated offenses by the Seneca County Court of Common Pleas to a nine-month prison term, to be served concurrently to the prison term imposed in Wyandot County.

{¶5} In September 2007, the Hancock County Court of Common Pleas sentenced Daughenbaugh to a seven-month prison term on offenses unrelated to the proceedings in Wyandot and Seneca Counties, to be served concurrently to the prison terms imposed in those counties.

{¶6} In October 2007, this court affirmed Daughenbaugh's conviction and sentence in Wyandot County in *State v. Daughenbaugh*, 3d Dist. No. 16-07-07, 2007-Ohio-5774.

{¶7} In November 2007, Daughenbaugh filed a motion for judicial release in Wyandot County, and, in January 2008, the trial court granted his motion, suspended his sentence, and ordered three years supervision.

{¶8} Shortly thereafter, Daughenbaugh also filed motions for judicial release in both the Hancock County and Seneca County Courts of Common Pleas,

which were also granted, with Hancock County imposing a five-year term of supervision.

{¶9} Subsequently, Daughenbaugh filed a pro se motion to revoke his judicial release in Hancock County, asserting that he wished to serve his remaining prison term rather than serve a five-year term of supervision, and the trial court granted the motion, reimposing the remainder of Daughenbaugh's prison sentence.[1]

{¶10} In June 2008, the Wyandot County Court of Common Pleas filed an entry purportedly suspending Daughenbaugh's supervision under judicial release from May 5, 2008, until July 20, 2008, the scheduled dates that Daughenbaugh was to serve his prison sentence for Hancock and Seneca Counties.

{¶11} In September 2008, following Daughenbaugh's release from prison, the State filed a motion to show cause in Wyandot County, alleging that Daughenbaugh violated the terms of his supervision when he possessed a motor vehicle not belonging to him, failed to report to his supervising officer, failed to notify his supervising officer of his felony arrest, and failed to make his required restitution payments.

---

[1] We note that Daughenbaugh has only provided this Court with the record for his Wyandot County case. Accordingly, we are unable to determine whether Daughenbaugh also filed a motion to revoke judicial release in Seneca County. However, Daughenbaugh has attached to his brief an entry from the Seneca County Court of Common Pleas indicating that he served the remainder of the prison term imposed by that court. Thus, Seneca County may have also reimposed his prison term around the same time as Hancock County.

{¶12} In December 2008, the trial court held a hearing on the State's motion to show cause, with the court continuing Daughenbaugh's supervision with all previously imposed terms and orders, imposing an additional one hundred hours of community service, and requiring him to pay a minimum of $5 per week towards his previously imposed financial sanctions.

{¶13} Immediately following the hearing, Daughenbaugh was administered and failed a drug test imposed as a condition of his supervision, and the State subsequently filed a second motion to show cause, requesting that the trial court revoke or modify his judicial release due to this positive drug test.

{¶14} In February 2009, the trial court held a hearing on the State's December 2008 motion to show cause, at which the following discussion took place between Daughenbaugh's trial counsel and the State:

> **[Daughenbaugh's trial counsel] The one thing my client has asked me to, uhm, ask of this Court is that appropriate jail days credit be given. He has asked, request the Court that the Court give credit for the 78 days in which his supervision was suspended while he was serving time out of his Hancock County case.**
>
> **\* \* \***
>
> **[State] We are against and opposed to the defendant being granted any time for credit that he served in his Hancock County case. Uhm, it was time that stemmed from the offense that occurred in Hancock County. It was the defendant's own choice to go back and serve that time in Hancock County, which was approximately 78 days, rather than remain on supervision**

> **with Hancock County because he didn't like the rules of supervision.**
>
> **Uhm, with respect to the Seneca County time, again, there was another jurisdiction that he was sitting [sic] time specifically for that case in Seneca County.**

(Feb. 2009 Revocation of Judicial Release Hearing tr., pp. 31-33). Subsequently, the trial court revoked its prior order of judicial release and reimposed Daughenbaugh's two consecutive eleven-month prison terms, granting 211 days jail-time credit for the time served prior to his judicial release, and granting no jail-time credit for the time served upon his reincarceration in Hancock and Seneca Counties.

{¶15} It is from this judgment that Daughenbaugh appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT DENIED THE APPELLANT EQUAL PROTECTION BY FAILING TO AFFORD HIM JAIL-TIME CREDIT AGAINST HIS SENTENCE WITH RESPECT TO PERIODS OF INCARCERATION ARISING OUT OF TIME SERVED IN SENTENCES IN OTHER CASES WHEN THOSE CASES WERE ORDERED TO BE SERVED CONCURRENTLY WITH PROCEEDINGS BEFORE THE TRIAL COURT.**

### Assignment of Error No. II

**THE APPELLANT WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY NOT PROPERLY PRESENTING TO THE TRIAL COURT, JUDGMENT ENTRIES AND OTHER RELATED DOCUMENTS SETTING**

**FORTH THAT TWO OTHER OHIO COMMON PLEAS COURTS HAD ENTERED CONVICTIONS AGAINST THE APPELLANT AND ORDERED A TERM OF INCARCERATION IN THOSE CASES SERVED CONCURRENTLY WITH THE TERM OF INCARCERATION BEFORE THE TRIAL COURT. [SIC] WHICH ENTITLED THE APPELLANT [SIC] CREDIT FOR TIME SERVED PURSUANT TO OHIO REVISED CODE §2967.191 IN THE MATTER BEFORE THE TRIAL COURT AS TO PERIODS OF INCARCERATION ARISING OUT OF THE OTHER TWO CONVICTIONS.**

*Assignment of Error No. I*

{¶16} In his first assignment of error, Daughenbaugh argues that the trial court denied him equal protection of the law under the Fourteenth Amendment to the United States Constitution when it failed to grant him jail-time credit for all his periods of incarceration. Specifically, he contends that jail-time credit should have been applied to his Wyandot County sentence for time served upon his reincarceration in Hancock and Seneca Counties because those counties ordered his original sentences to be served concurrently with his sentence in Wyandot County. We disagree.

{¶17} "The Adult Parole Authority has the duty to grant jail time credit, however, 'the trial court has the duty to properly calculate the number of days to be credited.'" *State v. Pitts*, 3d Dist. No. 1-06-106, 2007-Ohio-5197, ¶15, quoting *State v. Eaton,* 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶9. See, also, *State v. Fair*, 136 Ohio App.3d 184, 188, 2000-Ohio-1614.

**{¶18}** R.C. 2967.191 governs a defendant's entitlement to jail-time credit, and provides, in pertinent part:

> **The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.**

Accordingly, pursuant to R.C. 2967.191, a defendant is only entitled to jail-time credit for confinement that is related to the offense for which he is being sentenced. *Pitts*, 2007-Ohio-5197, at ¶16; *State v. Brooks,* 9th Dist. No. 05CA008786, 2006-Ohio-1485, ¶6. "A defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based." *State v. Lynn*, 3d Dist. No. 15-06-16, 2007-Ohio-3344, ¶8, citing *State v. Logan* (1991), 71 Ohio App.3d 292, 300.

**{¶19}** Furthermore, this Court has previously found in *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶¶10-11, that a defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated offenses. See, also, *State v. McWilliams* (1998), 126 Ohio App.3d 398, 401; *State ex rel. Moss v. Subora* (1987), 29 Ohio St.3d 66.

**{¶20}** In the case sub judice, Daughenbaugh was serving three separate sentences for unrelated offenses that occurred in three separate counties. The sentences imposed by Hancock and Seneca Counties were ordered to be served concurrently with the sentence in Wyandot County; however, Hancock and Seneca Counties' imposition of their sentences concurrent with Wyandot County's sentence in no way altered Wyandot County's sentence. Hancock and Seneca Counties could not also require Wyandot County to impose its sentence concurrent with the sentences in those counties. Accordingly, when Daughenbaugh was granted judicial release by all three counties, and then subsequently chose to return to prison and serve the remainder of his sentences in Hancock and Seneca Counties, Wyandot County's sentence was not also running, as it had not reimposed its sentence, and its sentence was not concurrent to Hancock and Seneca Counties. Consequently, the trial court was not obligated to grant Daughenbaugh jail-time credit for his time served while reincarcerated on the Hancock and Seneca County cases.

**{¶21}** Furthermore, not granting Daughenbaugh jail-time credit for his Hancock and Seneca County reincarceration is consistent with the this Court's prior findings on jail-time credit and a defendant's entitlement to jail-time credit pursuant to R.C. 2967.191. As we have previously found, a defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated

offenses, and, additionally, R.C. 2967.191 only entitles a defendant to jail-time credit for confinement "arising out of the offense for which [he] was convicted and sentenced." Here, Daughenbaugh was only reincarcerated on the Hancock and Seneca County cases, not the Wyandot county case, thereby precluding his entitlement to jail-time credit in Wyandot County for the reincarceration.

{¶22} Daughenbaugh argues that a defendant's entitlement to jail-time credit is unqualified when sentences are ordered to be served concurrently. In support of his proposition, he cites to the syllabus in *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-256, which states that "[w]hen a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit pursuant to R.C. 2967.191 must be applied toward each concurrent prison term." However, *Fugate* is clearly distinguishable from the case at bar.

{¶23} In *Fugate*, the defendant was on community control for a prior conviction of receiving stolen property, and was subsequently arrested on charges of burglary and theft, for which he was later convicted and also found to have violated the terms of community control. The trial court imposed a two-year prison term for his burglary and theft convictions, and a concurrent twelve-month prison term for his community control violation, but only granted him jail-time credit for his community control violation sentence, despite the fact that he had been held after his arrest on both the community control violation and the burglary

and theft offenses at the same time, with both offenses arising out of the same county. On appeal, the Supreme Court of Ohio found that the defendant was entitled to jail-time credit for both the community control violation sentence and the sentence for his burglary and theft convictions, as the prison terms were ordered to be served concurrently, and he was confined on both the community control offense and the burglary and theft offenses.

{¶24} Here, unlike the defendant in *Fugate*, Daughenbaugh was serving prison time on sentences from multiple jurisdictions, and he was reincarcerated only on the Hancock and Seneca County offenses, not Wyandot County. Therefore, we find *Fugate* to be inapposite and to not entitle Daughenbaugh to jail-time credit in Wyandot County for his reincarceration.

{¶25} Consequently, we find that the trial court did not err in failing to grant Daughenbaugh jail-time credit for time served after his reincarceration on his sentences in Hancock and Seneca Counties, and we find that the trial court was correct in only granting Daughenbaugh 211 days of jail-time credit.

{¶26} Accordingly, we overrule Daughenbaugh's first assignment of error.

*Assignment of Error No. II*

{¶27} In his second assignment of error, Daughenbaugh argues that he was denied effective assistance of counsel. Specifically, he asserts that his trial counsel's failure to provide the trial court with the sentencing entries in Hancock

and Seneca Counties indicating that his sentences in those cases were ordered to be served concurrently to his sentence in Wyandot County resulted in the trial court's failure to appropriately apply jail-time credit to his sentence.

{¶28} An ineffective assistance of counsel claim requires proof that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of syllabus. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial would have been different. Id. at paragraph three of syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the outcome of the trial. *State v. Waddy* (1992), 63 Ohio St.3d 424, 433, superseded by constitutional amendment on other grounds as recognized by *State v. Smith*, 80 Ohio St.3d 89, 103, 1997-Ohio-355.

{¶29} Furthermore, the court must look to the totality of the circumstances and not isolated instances of an allegedly deficient performance. *State v. Malone*, 2d Dist. No. 10564, 1989 WL 150798. "Ineffective assistance does not exist merely because counsel failed 'to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it.'" Id., quoting *Smith v. Murray* (1986), 477 U.S. 527, 535.

{¶30} Here, we have found that Daughenbaugh was not entitled to jail-time credit on the reimposition of his sentence in Wyandot County for the time he served in Hancock and Seneca Counties following his reincarceration. Consequently, Daughenbaugh's trial counsel's performance was not deficient for failing to provide the trial court with the sentencing entries from Hancock and Seneca Counties, and no prejudice resulted.

{¶31} Accordingly, we overrule Daughenbaugh's second assignment of error.

{¶32} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI and SHAW, J.J., concur.**

**/jnc**