**[Cite as *State v. Harpe*, 2010-Ohio-3670.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,                                        CASE NO. 5-10-01

   PLAINTIFF-APPELLEE,

 v.

MATTHEW T. HARPE,                                    **O P I N I O N**

   DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2009 CR 20

**Judgment Affirmed**

Date of Decision:  August 9, 2010

APPEARANCES:

   *Deborah Korvac Rump,* **for Appellant**

   *Drew Wortman,* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Matthew T. Harpe (hereinafter "Harpe"), appeals the Hancock County Court of Common Pleas' judgment entry of sentence. We affirm.

{¶2} On January 27, 2009, the Hancock County Grand Jury indicted Harpe on two (2) counts of trafficking in cocaine, violations of R.C. 2925.03(A) and fifth degree felonies. (Doc. No. 1). Harpe was incarcerated in the Allen Correctional Institution at that time. (Doc. No. 3); (Dec. 17, 2009 Tr. at 8-9).

{¶3} On January 29, 2009, the trial court held a hearing for the purposes of scheduling an arraignment. (Id.). The trial court scheduled arraignment for February 4, 2009 and ordered the Hancock County Sherriff to present Harpe before the trial court on that date. (Id.). A warrant for Harpe's removal from the Allen Correctional Institution was also issued. (Doc. No. 24).

{¶4} On February 4, 2009, Harpe was personally served with the warrant for his arrest on the indictment and appeared in court. (Doc. Nos. 6-7). At that time, the trial court set a cash bond of $3,750.00 on each count and continued arraignment to February 11, 2009. (Doc. No. 6). On February 6, 2009, Harpe appeared before the court, was found indigent, and was appointed counsel. (Doc. No. 11).

**{¶5}** On February 11, 2009, Harpe appeared before the trial court with appointed counsel for arraignment. (Doc. No. 14). Harpe acknowledged his receipt of a copy of the indictment, waived the reading of the indictment, and entered pleas of not guilty to each count. (Id.). The trial court modified his bond on count one (1) to a $5,000.00 cash bond and on count two (2) to an OR bond. (Id.); (Doc. No. 16). The case was continued for a pretrial hearing on February 23, 2009. (Doc. No. 14).

**{¶6}** On April 8, 2009, the trial court held a hearing wherein it advised that the jury trial in this matter was scheduled for June 29, 2009 and Harpe was incarcerated in the Allen Correctional Institution. (Doc. No. 25). The trial court then ordered that the Hancock County Sheriff proceed to Allen Correctional on or before June 22, 2009 and have Harpe present before the court for the scheduled jury trial. (Id.).

**{¶7}** On May 5, 2009, the trial court held a status hearing concerning Harpe's bond. (Doc. No. 28). The trial court initially noted that it established Harpe's bond in this case as a $5,000.00 cash bond as to count one (1) and a personal recognizance bond with conditions as to count two (2). (Id.). The trial court further noted that it had "been advised by the Ohio Department of Rehabilitations and Corrections that the defendant, who is currently serving a sentence on an unrelated felony matter, will be released on May 6, 2009, from the Allen Correctional Facility located in Lima, Ohio." (Id.). The trial court, then,

ordered the Hancock County Sheriff to "immediately lodge a detainer for [Harpe] with the Ohio Department of Rehabilitation and Correction * * * and proceed to the institution to take the defendant into custody in lieu of posting bond as to Count One." (Id.).

{¶8} On May 7, 2009, Harpe appeared before the trial court for a further hearing to establish bond conditions. (Doc. No. 33). The trial court ordered that Harpe's bond be continued with additional conditions as to count two (2) and continued the matter for trial on June 29, 2009. (Id.); (Doc. No. 38).

{¶9} On June 22, 2009, Harpe's appointed trial counsel filed a motion for continuance of the June 29, 2009 jury trial because Harpe wanted a State Public Defender to be appointed to the case and counsel had been unable to contact Harpe. (Doc. No. 39).

{¶10} On June 29, 2009, the motion to continue came on for hearing wherein the trial court inquired whether Harpe preferred a public defender rather than his presently appointed counsel. (Doc. No. 46). Harpe indicated that he wanted a new attorney so the trial court vacated the previous jury trial date and ordered that the matter be set for pretrial hearing on July 6, 2009. (Id.). On July 6, 2009, the trial court appointed new trial counsel and rescheduled pretrial for July 15, 2009. (Doc. No. 47).

{¶11} On July 15, 2009, following pretrial conference, the trial court set the case for jury trial on October 5, 2009. (Doc. No. 53). On October 5, 2009,

Harpe withdrew his previously entered pleas of not guilty and entered pleas of guilty to both counts of the indictment pursuant to a written plea agreement. (Doc. No. 55); (Oct. 5, 2009 Tr. at 3-5, 22-23). The parties jointly recommended that Harpe be sentenced to seven (7) months incarceration on each count, which were to be served concurrently. (Oct. 5, 2009 Tr. at 4, 13). The trial court, thereafter, found Harpe guilty on both counts, continued Harpe's bond, and scheduled a sentencing hearing for December 17, 2009. (Id. at 28).

{¶12} On December 10, 2009, the trial court issued a bench warrant for Harpe's arrest for failing to comply with the conditions of his bond. (Doc. No. 58).

{¶13} On December 17, 2009, the trial court sentenced Harpe to seven (7) months incarceration on counts one and two, suspended his operator's license for six (6) months as to counts one and two, and ordered that he pay the costs of prosecution. (Dec. 17, 2009 Tr. at 7-8, 12); (Dec. 21, 2009 JE, Doc. No. 62). The trial court further ordered that the sentences be served concurrently for an aggregate sentence of seven (7) months. (Id.); (Id.). The trial court granted Harpe nine (9) days of jail-time credit. (Dec. 17, 2009 Tr. at 12-13); (Dec. 21, 2009 JE, Doc. No. 62).

{¶14} On January 20, 2010, Harpe filed a notice of appeal from the trial court's judgment entry of sentence. (Doc. No. 72). Harpe now appeals raising a single assignment of error for our review.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY ONLY GRANTING HARPE 9 DAYS OF JAIL TIME CREDIT. HE SHOULD HAVE AT LEAST RECEIVED CREDIT FOR THE TIME HE WAS INCARCERATED IN THE HANCOCK COUNTY JAIL AWAITING FURTHER PROCEEDINGS IN THIS CASE.**

**{¶15}** In his sole assignment of error, Harpe argues that the trial court erred in its calculation of jail-time credit. Specifically, Harpe argues that the record does not address the offense for which he was incarcerated, and the trial court never made any findings as to whether his incarceration was related to this case. Harpe argues that he is entitled to jail-time credit from the January 31, 2009 transport order to May 7, 2009 when he made bond, or, at a minimum, from the issuance of the transport order, January 31, 2009, until he was returned to the Allen Correctional Institution on March 9, 2009.

**{¶16}** As an initial matter, we note that the State has failed to file an appellee's brief with this Court. In these circumstances, App.R. 18(C) allows this Court to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action." Nevertheless, we affirm the trial court's calculation of jail-time credit as the record fails to support Harpe's argument.

**{¶17}** Jail-time credit is governed by R.C. 2967.191, which provides, in pertinent part:

> **The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined *for any reason arising out of the offense for which the prisoner was convicted and sentenced*, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.**

(Emphasis added). As this Court has noted multiple times, "[t]he Adult Parole Authority has the duty to grant jail time credit, however, 'the trial court has the duty to properly calculate the number of days to be credited.'" *State v. Duaghenbaugh*, 3d Dist. No. 16-09-05, 2009-Ohio-3823, ¶17, citing *State v. Pitts*, 3d Dist. No. 1-06-106, 2007-Ohio-5197, ¶15, quoting *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶9; *State v. Fair* (2000), 136 Ohio App.3d 184, 188, 736 N.E.2d 82. Under the statute, a defendant is only entitled to jail-time credit for confinement that is related to the offense for which he is being sentenced. *Duaghenbaugh*, 2009-Ohio-3823, at ¶18, citing *Pitts*, 2007-Ohio-5197, at ¶16; *State v. Brooks*, 9th Dist. No. 05CA008786, 2006-Ohio-1485, ¶6. Stated in the converse, "[a] defendant is not entitled to jail time credit under R.C. 2967.191 for any period of incarceration that arises from facts separate and apart from those on which the current sentence is based." Id., citing *State v. Lynn*, 3d Dist. No. 15-06-16, 2007-Ohio-3344, ¶8, citing *State v. Logan* (1991), 71 Ohio App.3d 292, 300, 593 N.E.2d 395.

{¶18} After reviewing the record, we conclude that the trial court did not err by granting Harpe nine (9) days of jail-time credit. As an initial matter, Harpe incorrectly states that the trial court failed to make any findings relative to whether his incarceration in Allen Correctional was related to the offense for which he was sentenced in this case. In its May 5, 2009 judgment entry following a bond modification hearing, the trial court specifically noted that Harpe was "currently serving a sentence in an *unrelated* felony matter" in the Allen Correctional Institution. (Doc. No. 28) (Emphasis added). At the sentencing hearing, the trial court referenced the record of the proceedings, including this statement from the aforementioned judgment entry. (Dec. 17, 2009 Tr. at 8-11). After determining that Harpe was entitled to nine (9) days jail-time credit on the basis of the record, the trial court noted, "[t]he other time, as I understand it, Mr. Harpe, you were spoken for by the Department of Rehabilitation and Correction[s]." (Dec. 17, 2009 at 9-11). Thereafter, the following dialogue occurred between the trial court and Harpe:

> **THE DEFENDANT: But even though -- in the law book that --**
> **THE COURT: Those will get you into trouble.**
> **THE DEFENDANT: I bet they will. But I read in the law book that if you're doing time for something in another place as detainer or holder or bond on you means you're doing time for that too.**
> **THE COURT: We didn't have a detainer on you.**
> **THE DEFENDANT: You had a bond on me.**
> **THE COURT: We set bond on count one and count two.**
> **THE DEFENDANT: It said detainer, holder, or bond. If any county got a bond or holder or detainer and you're already**

> **doing time for something else you're doing time for. That's what I read in the law book over in the county jail.**
> **THE COURT: I guess I'm not familiar with that. I am familiar with the fact that you were basically incarcerated on some *unrelated* charge in Allen Correctional. This indictment got returned. We ordered that somebody from here go get you. That was the February arraignment and so forth.**
> **THE DEFENDANT: Even though you guys put a bond on that don't count?**
> **THE COURT: My understanding of the law is that you would get a total of 9, 10 days credit.**
> **THE DEFENDANT: What's the bond do any ways? It should count for something if you got a bond.**
> **THE COURT: It counted --**
> **THE DEFENDANT: I read -- don't want to interrupt. I read in the law book if you got a bond that time counts for that charge.**
> **THE COURT: I understand what you're saying. And I'm telling you that's not my understanding of the law. So today I'm going to give you the 10 days total credit -- 9 days total credit. Plus the 1 that will apply to the 7 month concurrent sentences.**
> **THE DEFENDANT: What about when you guys brought me back for my arraignment and stuck me in the county jail for 45 days. I sat in the county jail 45 days under a bond.**
> **THE COURT: And a holder from ODRC.**
> **THE DEFENDANT: I sat in the county 45 days under a bond for this county.**
> **THE COURT: And a holder from the Department of Rehabilitation and Correction. What I'm telling you is, I'm not giving you credit for that time.**
> **THE DEFENDANT: So I'm not going to get credit for nothing?**
> **THE COURT: You're going to get credit for the 9 days.**
> **THE DEFENDANT: Okay.**

(Id. at 11-13) (Emphasis added). Therefore, contrary to Harpe's assertion, the trial court did specifically find that his incarceration in the Allen Correctional Institution was "unrelated" to the offense for which he was being sentenced in this case. Therefore, Harpe was not entitled to jail-time credit herein for the days he

was in the Hancock County jail pursuant to an ODRC holder on these unrelated offenses. *Duaghenbaugh*, 2009-Ohio-3823, at ¶18, citing *Pitts*, 2007-Ohio-5197, at ¶16; *Brooks*, 2006-Ohio-1485, at ¶6; *Lynn*, 2007-Ohio-3344, at ¶8, citing *Logan*, 71 Ohio App.3d at 300.

{¶19} Harpe's assignment of error is, therefore, overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J., and SHAW, J., concur.**

**/jnc**